DYERSBURG MACHINE WORKS, INC., Plaintiff-Appellant,

v.

RENTENBACH ENGINEERING COMPANY, O.C. McCarley Corporation and Firemen's Insurance Company, Defendants-Appellees.

Supreme Court of Tennessee.

May 2, 1983.

John W. Palmer, Dyersburg, for plaintiff-appellant.

Frankie Wade, Knoxville, Lyle Reid, Brownsville, for defendants-appellees.

BROCK, Justice.

The defendant, Rentenbach Engineering Company, a Tennessee corporation, was engaged as the general contractor for the construction of a hospital facility at Louisa, Lawrence County, Kentucky, by the owner, Extendicare of Kentucky, Inc. Defendant, O.C. McCarley Corporation, a Tennessee corporation, whose principal place of business is located in Haywood County, Tennessee, was a subcontractor for a portion of the work in constructing the hospital. The defendant, Firemen's Insurance Company, is a New Jersey corporation qualified to do business in Tennessee and, as surety, executed a bond along with Rentenbach, as principal, payable to Extendicare, conditioned to pay "to all claimants as hereinafter defined for all labor and material used or reasonably required for use in the performance of the contract . . . ." This bond is referred to throughout the record as the "labor and material" bond.

The plaintiff, Dyersburg Machine Works, Inc., is a Tennessee corporation whose place of business is located at Dyersburg, Tennessee. The plaintiff furnished materials to defendant, O.C. McCarley Corporation, for the latter's use in performing its subcontract in the construction of the hospital; it is undisputed that the McCarley Corporation owes the plaintiff the sum of $40,327.53 for the materials thus used.

Plaintiff brought this action in the Chancery Court for Haywood County, Tennessee, against the McCarley Corporation to recover the debt mentioned and in the same action sued Rentenbach and Firemen's on their obligation under the bond for the debt owed by McCarley. The Chancellor awarded the plaintiff a decree for the amount sought against all three defendants but gave a judgment over against McCarley on behalf of Rentenbach and Firemen's for any amount which they might pay on the judgment.

McCarley did not appeal from the decree of the Chancellor; Rentenbach and Firemen's did appeal to the Court of Appeals and that court reversed the decree of the Chancellor and decreed that "this lawsuit is dismissed without prejudice to the rights of the plaintiff." From the judgment of the Court of Appeals the plaintiff, Dyersburg, sought review in this Court.

In the trial court the defendants, Rentenbach and Firemen's, interposed three defenses, (1) that plaintiff had failed to give notice of its claim within the time required by a provision of the labor and material bond, (2) had failed to file suit within one year of the completion of Rentenbach's work on the contract, as required by another stipulation of the bond and (3) had brought this action in Tennessee in violation of a provision of the bond that:

"No suit or action shall be commenced hereunder by any claimant:

\* \* \* \* \* \*

(c) other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United

States District Court for the District in which the project or any part thereof, is situated, and not elsewhere."

It was this last defense that the Court of Appeals sustained.

The Chancellor found that the plaintiff had complied with the notice and time limitation provisions of the labor and material bond and thus overruled the first two defenses above mentioned, but he held that the forum selection provision of the labor and material bond was against public policy and, therefore, was unenforceable.

The Court of Appeals did not address the first two defenses but, as stated, did sustain the third defense based upon the forum selection clause of the bond. In this Court the parties ask that we determine the validity of the forum selection clause contained in the bond and, if it is found to be valid, the effect, if any, that the clause should have in this litigation.

■ Agreements which purport to exclude the jurisdiction of courts other than those specifically named in such agreements and which relate to the adjudication of controversies that may arise in the future have traditionally been held to be unenforceable because they have been regarded as in violation of public policy. Annot.: 56 A.L.R.2d 306, § 4[a] and cases there cited; 20 Am.Jur.2d *Courts* § 141 (1965). However, the more recent decisions hold that the validity or invalidity of such forum selection clauses depends upon whether they are fair and reasonable in light of all the surrounding circumstances attending their origin and application. *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Krenger v. Pennsylvania R. Co.,* 174 F.2d 556 (2d Cir.1949); *Muller & Co. v. Swedish Am. Line Limited,* 224 F.2d 806 (2d Cir.1955), 56 A.L.R.2d 295; Gilbert, "Choice of Forum Clauses and International and Interstate Contracts," 65 Ky.Law Journal 1 (1976).

■ *The Model Choice of Forum Act*[1] provides that an unselected court must give

effect to the choice of the parties and refuse to entertain the action unless (1) the plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action; (2) or the other state would be a substantially less convenient place for the trial of the action than this state; (3) or the agreement as to the place of the action was obtained by misrepresentation, duress, abuse of economic power, or other unconscionable means; (4) or it would for some other reason be unfair or unreasonable to enforce the agreement.[2]

Section 80 of the *Restatement (2d) of Conflict of Laws* (1971), provides:

"The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable."

Courts which recognize the validity of forum selection clauses generally, nevertheless, have refused to enforce them against third parties who did not agree to the contract containing such clause and are not parties to the agreement. *Matthiessen v. National Trailer Convoy, Inc.,* 294 F.Supp. 1132 (D.Minn.1968); *Zapp v. Davidson,* 21 Tex.Civ.App. 566, 54 S.W. 366 (1899); *Shows v. Jackson,* 215 Ala. 256, 110 So. 273 (1926).

We conclude that the courts of this state should give consideration to the above mentioned factors and any others which bear upon the fundamental fairness of enforcing such a forum selection clause, and should enforce such a clause unless the party opposing enforcement demonstrates that it would be unfair and inequitable to do so.

■ In the instant case, we are of the opinion that the forum selection clause should not be enforced against the plaintiff for the following reasons. First, it is doubtful that the Kentucky forum required by the forum selection clause would afford to the plaintiff a complete remedy since it appears the Kentucky court would be unable to acquire jurisdiction over the princi-

1. Not adopted in Tennessee.

2. *The Model Choice of Forum Act,* 1968.

pal debtor, the McCarley Corporation. The objective of modern procedure is to litigate all claims in one action if that is possible; in the instant case plaintiff should be permitted to bring his action in a jurisdiction in which he can litigate all of his claims at once, the claim against the principal debtor as well as those against the obligors on the labor and material bond. Secondly, the Kentucky forum is a substantially less convenient place for trial in this case wherein all witnesses are Tennessee residents, the plaintiff and the defendants, McCarley Corporation and Rentenbach Corporation, are Tennessee corporations and Firemen's Fund is a New Jersey corporation authorized to do business in Tennessee. *Leasewell Ltd. v. Jake Shelton Ford, Inc.,* 423 F.Supp. 1011 (S.D.W.Va.1976). We note, too, that the distance from Dyersburg to Brownsville, Tennessee, where this action was brought is approximately 35 miles while the distance from Dyersburg to Louisa, Kentucky, the "selected forum," is approximately 500 miles. No issue is presented respecting the validity of the principal debt of $40,219.09; nor is any other issue presented which might make a trial in Kentucky more convenient or expedient.

Plaintiff also insists that this forum selection clause should not be enforced against it because it did not bargain for or agree to the contract of selection, but is only a third party beneficiary of the Labor and Material Payment Bond who is entitled to the rule, noted above, that forum selection clauses have not been enforced against third parties who have not agreed to such contracts. Defendants refute this argument by pointing out that one who seeks to take advantage of a contract made by another for his benefit ordinarily takes it subject to all its terms and conditions, legal defenses and inherent equities. *Petty v. Sloan,* 197 Tenn. 630, 277 S.W.2d 355 (1955); 17A C.J.S. *Contracts* § 529 (1963). It is not necessary that we determine this issue in deciding this case; hence, we decline to do so.

■ Rentenbach asks that we review the decision of the Chancellor rejecting its defense that this action was not commenced within one year after the principal on the bond ceased work under the construction contract, as required by Section 3(b) of the Labor and Material Payment Bond. The Court of Appeals pretermitted this issue but the Chancellor reviewed the conflicting evidence and made findings that this action was filed within one year "following the date on which principal ceased work on said contract." The Chancellor summarized his findings and conclusion in this respect as follows:

"Taking into consideration the testimony of all of the witnesses and the correspondence introduced as trial exhibits, the court finds by a preponderance of the evidence that the work under the contract was not complete as late as May 20, 1975. The court is of the opinion that the period of limitation under the bond would not commence until the work under the contract ceased, instead of when the work was substantially complete, as the defendants contend."

Rule 13(d), Tennessee Rules of Appellate Procedure, provides:

"Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise."

Rule 36, Tennessee Rules of Appellate Procedure, provides:

"The Supreme Court . . . shall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order; provided, however, relief may not be granted in contravention of the province of the trier of fact."

Following the instruction of these rules we conclude that the evidence does not preponderate against the findings of the Chancellor requesting this issue and we, therefore, affirm his finding and conclusion that this action was filed within the time limit required by the bond.

The decree of the Court of Appeals is reversed and that of the Chancellor is affirmed and reinstated. Costs incurred upon appeal are assessed against the defendants-appellees. The case is remanded to the trial court for such further proceedings as may be deemed appropriate.

FONES, C.J., and COOPER, HARBISON, and DROWOTA, JJ., concur.