IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 2000 Session

## SIGNAL CAPITAL CORPORATION, ET AL. v. SIGNAL ONE, LLC, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 99-0899      W. Frank Brown, III, Chancellor**

**FILED SEPTEMBER 7, 2000**

**No. E2000-00140-COA-R3-CV**

---

This appeal questions whether a forum selection clause is valid and enforceable against the Plaintiffs, Larry Wells and Signal Capital Corporation. Pursuant to the forum selection clause, Signal One LLC and NationsBanc Capital Corporation filed a motion to dismiss for improper venue. The Trial Court granted the motion to dismiss by finding the forum selection clause was valid. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ. joined.

John W. Murrey, III and Hugh J. Moore, Jr., Chattanooga, Tennessee, for the appellants, Signal Capital Corporation and Larry Wells

Roger W. Dickson and C. Crews Townsend, Chattanooga, Tennessee, and Cory Hohnbaum, Charlotte, North Carolina, for the appellees, Signal One, LLC and NationsBanc Capital Corporation

**OPINION**

Larry Wells and Signal Capital Corporation filed a complaint against Signal One LLC and NationsBanc Capital Corporation alleging that two agreements, the First Amendment to the Acquisition Agreement and the First Amendment to the Employment Agreement, were induced by fraud and duress. The Plaintiffs sought rescission of the amendments and reinstatement of the original Acquisition and Employment agreements. Signal One and NationsBanc filed a motion to dismiss for improper venue because the original Acquisition Agreement contained a forum selection clause requiring all disputes arising from the agreement to be resolved in Charlotte, North Carolina. The Trial Court found the forum selection clause valid and dismissed the complaint without prejudice.

On appeal, the Plaintiffs raise the following issues, which we restate:

I.      Whether the trial court erred in dismissing a cause of action for rescission of an employment contract based upon a forum selection clause contained in a separate and independent acquisition agreement.

II.     Whether the trial court erred in dismissing a cause of action for enforcement of the provision of a limited liability company agreement based upon a forum selection clause contained in a separate and independent acquisition agreement.

III.    Whether the trial court erred in not applying North Carolina law and public policy opposing forum selection clauses.

IV.     Whether the trial court erred by finding none of the exceptions to enforcement of the forum selection clause applied.

We affirm the Trial Court.


FACTS

Larry Wells, a Tennessee resident, was the founder and sole shareholder of Signal Capital Corporation. Mr. Wells formed and managed Signal Capital beginning in 1992. Signal Capital's business consisted of acquiring, constructing, developing, owning and leasing wireless communication towers. Signal Capital is a Tennessee corporation with its offices located in Chattanooga.

On July 8, 1998, Mr. Wells and NationsBanc Capital Corporation, a Texas corporation, entered into three agreements, an Acquisition Agreement, an Employment Agreement and a Limited Liability Company Agreement. The Limited Liability Company Agreement created Signal One LLC, a Delaware limited liability company with its offices located in Chattanooga. The Acquisition Agreement transferred Signal Capital's operating assets to Signal One LLC in exchange for $1,000,000 in cash and 46,320 Voting Common Units of Signal One LLC. The amount of $4,000,000 was placed in escrow to be released at a later time. NationsBanc received 53,680 Nonvoting Common Units of Signal One LLC. In the Employment Agreement, Mr. Wells agreed to serve as Signal One's Chief Executive Officer until June 30, 2001, in exchange for an annual salary of $250,000 with benefits.

Each of the three original agreements contained a clause regarding either the forum selected or the governing law for any disputes. The Limited Liability Company Agreement provided that the governing law would be the law of the State of Delaware and that disputes may be brought in the courts of the State of North Carolina or the United States District Court for the Western District of North Carolina. The Employment Agreement stated the governing law was the law of North Carolina, but there was no forum selection provision. The Acquisition Agreement contained a governing law section and the forum selection clause which is relied upon by the Defendants. The governing law under the Acquisition Agreement was the law of the State of North Carolina. The forum selection clause in the Acquisition Agreement provided the following:

Except to the extent a claim is subject to arbitration as provided in Section 11.3(b) hereof, any and all actions arising under or in respect of this Agreement (but excluding any Third Party Action) shall be litigated exclusively in the federal or state courts in the City of Charlotte, State of North Carolina. . . .By execution and delivery of this Agreement, each Party to this Agreement irrevocably submits to the personal jurisdiction of such courts for itself, himself, or herself and in respect of its, his or her property with respect to such action with respect to any actions arising under or in respect of this Agreement (including Third Party Actions). Each party to this Agreement agrees that venue would be proper in any of such courts, and hereby waives any objection that any such court is an improper or inconvenient forum for the resolution of any such action.

On September 1, 1998, the Acquisition Agreement and Employment Agreement were amended. The First Amendment to the Acquisition Agreement reduced the number of Voting Common Units received by Signal Capital from 46,320 to 21,930.8 units. The First Amendment to the Employment Agreement changed Mr. Wells' responsibilities as Signal One's Chief Executive Officer, but his salary and benefits remained the same. Neither amendment contained a clause regarding any changes to the governing law or forum selected.

THE AGREEMENTS

The Plaintiffs' first two issues question whether the three agreements are separate and distinct or one transaction. In interpreting a contract, a court must ascertain and give effect to the parties' intentions. See Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc., 521 S.W.2d 578, 580 (Tenn. 1975). In this case, the parties entered into more than one contract. "The terms of separate contracts forming integral parts of a single transaction may be considered together." The Realty Shop, Inc. v. RR Westminster Holding, Inc., 7 S.W.3d 581, 599 (Tenn. Ct. App. 1999) (citing McCall v. Towne Square, Inc., 503 S.W.2d 180, 182-83 (Tenn. 1973); Stovall v. Dattel, 619 S.W.2d 125, 127 (Tenn. Ct. App. 1981)). The Trial Court found the three original agreements constituted one transaction and applied the forum selection clause to all the Plaintiffs' claims.

The Plaintiffs argue that the three agreements are separate and independent documents. In support of their argument, Plaintiffs cite the governing law and permissive forum selection provisions in the Employment Agreement and Limited Liability Company Agreement. These provisions do not conflict with the mandatory forum selection clause in the Acquisition Agreement, but the Plaintiffs argue that these provisions prove the documents are separate and independent. We disagree.

The parties signed the Limited Liability Company Agreement, Acquisition Agreement and Employment Agreement on the same day. The Acquisition Agreement incorporates both the Employment Agreement and Limited Liability Company Agreement as part of the parties' entire agreement. Furthermore, the Acquisition Agreement conditioned the obligations of the parties

upon their entering into the Limited Liability Company Agreement and the Employment Agreement. The Acquisition Agreement, which transferred assets to Signal One LLC, and the Employment Agreement, which employed Mr. Wells as CEO of Signal One LLC, would be meaningless without the Limited Liability Company Agreement, which created Signal One LLC. We find the three agreements are interrelated and must be read together as one transaction. Accordingly, the Trial Court correctly found that the forum selection clause, if valid, applied to all the Plaintiffs' claims.

## FORUM SELECTION CLAUSE

The Plaintiffs' last two issues involve the enforceability of the forum selection clause. They argue that the forum selection clause violates North Carolina public policy. In the alternative, they argue that the forum selection clause is unenforceable under Tennessee law because four exceptions apply.

The Plaintiffs cite North Carolina General Statutes Section 22B-3 in support of their argument that the forum selection clause in this case violates North Carolina public policy. The Acquisition Agreement's governing law section states that the law of North Carolina applies. North Carolina General Statutes Section 22B-3 provides that "any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." N.C. Gen. Stat. § 22B-3 (1999). However, this statute would not apply to the forum selection clause in this case because the contract was not "entered into in North Carolina."

Forum selection clauses are generally enforced in Tennessee. In Dyersburg Machine Works, Inc. v. Rentenbach Engineering Company, 650 S.W.2d 378 (Tenn. 1983), the Tennessee Supreme Court provided the following exceptions to the enforceability of a forum selection clause: "(1) the plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action; (2) or the other state would be a substantially less convenient place for the trial of the action than this state; (3) or the agreement as to the place of the action was obtained by misrepresentation, duress, abuse of economic power, or other unconscionable means; (4) or it would for some other reason be unfair or unreasonable to enforce the agreement." Dyersburg, 650 S.W.2d at 380. The Court further stated: "We conclude that the courts of this state should give consideration to the above mentioned factors and any others which bear upon the fundamental fairness of enforcing such a forum selection clause, and should enforce such a clause unless the party opposing enforcement demonstrates that it would be unfair and inequitable to do so." Dyersburg, 650 S.W.2d at 380.

In reviewing the exceptions to the enforceability of forum selection clauses, the Trial Court found North Carolina has jurisdiction to hear this action, North Carolina is a convenient place for this action, the agreement as to the place of the action was not obtained by fraud or duress and there was no other reason that would be unfair or inequitable to enforce the clause.

The first exception involves the question of whether a party can secure effective relief in the other state. First, the Plaintiffs assert they will not receive effective relief because their claims would have to be split between a North Carolina court and Tennessee court. However, the claims would only have to be split if we found the agreements were separate and independent. By finding the three agreements were one transaction, all the Plaintiffs' claims would remain together in one court.

Second, the Plaintiffs argue that they can receive no relief in North Carolina because North Carolina does not have a reasonable relationship to the parties and their agreements. According to the Plaintiffs, North Carolina would not have subject matter jurisdiction over this dispute without having a reasonable relationship. We find both Tennessee and North Carolina have a reasonable relationship to this contract dispute.

Tennessee Code Annotated Section 47-1-105(1) provides: "Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties." Tenn. Code Ann. § 47-1-105(1) (1999). The parties chose to litigate any disputes in the courts of Charlotte, North Carolina. NationsBanc conducts business in Charlotte and maintains an office there. All correspondence arising from the parties' business relationship was to be sent to the NationsBanc office in Charlotte. Most importantly, Mr. Binkowski, one of the individuals representing NationsBanc, works and resides in North Carolina. Mr. Binkowski signed all the agreements as a Vice President of NationsBanc and he is a material witness to the circumstances surrounding the contract negotiations. North Carolina has a reasonable relationship to this dispute and can provide relief to the Plaintiffs.

The second exception relates to the convenience of having a trial in the other state as compared to Tennessee. The other state must be a substantially less convenient place for the trial than Tennessee. The convenience is evaluated from the perspective of all the parties, not just the Plaintiffs. The Plaintiffs argue that many witnesses and all the business records of Signal Capital and Signal One LLC are located in Chattanooga, Tennessee. However, the NationsBanc's representatives involved in this action are located in Texas and North Carolina. All correspondence regarding the business activities between the parties was sent to North Carolina. Therefore, business records are located in North Carolina as well as Tennessee. The record contains no information regarding the difference in Plaintiffs' expenses for litigating in Tennessee compared to litigating in North Carolina. The Plaintiffs only argue that they may have to take "expensive depositions." There is no proof that these "expensive depositions" would not have occurred if the litigation was in Tennessee. The Plaintiffs have not shown a substantial inconvenience to all the parties.

The third exception is whether "the agreement *as to the place of the action* was obtained by misrepresentation, duress, abuse of economic power, or other unconscionable means" (emphasis added). The Plaintiffs allege they were fraudulently induced into signing the First Amendment to the Acquisition Agreement. The First Amendment to the Acquisition Agreement

did not change the effect of the forum selection clause in the original Acquisition Agreement. Therefore, the Plaintiffs have not alleged the original Acquisition Agreement containing the forum selection clause was obtained by fraud or duress. The third exception does not apply.

The fourth exception encompasses any other reason that is unfair or unreasonable to enforce the agreement. We find no other reasons not to enforce the forum selection clause.

For the foregoing reasons the judgment of the Chancery Court is affirmed and the cause remanded for the collection of costs below. Costs of appeal are adjudged against Signal Capital Corporation, Larry Wells and their sureties.

 

 

 

_____
HOUSTON M. GODDARD, PRESIDING JUDGE