TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00344-CV







Lamb Ventures, Inc., Appellant



v.




Cliff Wyndham, Individually and d/b/a Cedar Park Tire & Service; and
Bridgestone/Firestone, Inc., Appellees






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 99-195-C368, HONORABLE BURT CARNES, JUDGE PRESIDING 






 Appellant Lamb Ventures, Inc. (Lamb), (1) a retail dealer of automobile tires and related
products, maintained a contractual relationship with appellee Bridgestone/Firestone, Inc. (2) for a
period of seven years, whereby Lamb would promote, market, stock, and sell Bridgestone/Firestone
products. The most recent of the contracts executed by the parties (the 1997 contract) included a
forum selection clause, designating Davidson County, Tennessee, as the proper forum to file suit by
either party. Following a dispute between the parties, Lamb and Bridgestone/Firestone also entered
into a side letter agreement (the letter agreement), wherein Bridgestone/Firestone voluntarily
undertook additional contractual obligations in an effort to resolve the dispute. Convinced that
Bridgestone/Firestone had violated its duties and obligations, Lamb sued Bridgestone/Firestone in
Travis County, alleging various causes of action, including breach of contract. The suit was removed
to federal court, and the federal court dismissed it, relying on the forum selection clause in the
contract. Lamb filed a second suit in Williamson County, alleging essentially the same causes of
action. However, in this second suit, Lamb alleged that he was suing for breach of only the letter
agreement and not the contract that included the forum selection clause. Nevertheless, the trial court
dismissed the suit without prejudice based on the forum selection clause. By two points of error,
Lamb appeals the trial court's dismissal order. We affirm.


BACKGROUND

 Lamb was in the business of promoting, marketing, stocking, and selling
Bridgestone/Firestone products for several years. (3) The relationship between the parties had always
been governed by written contracts, delineating the duties and obligations of the parties. One of the
policies enforced by Bridgestone/Firestone is that Bridgestone/Firestone would have the sole right
to determine new site locations and Lamb would not sell Bridgestone/Firestone products to any
unauthorized retailers without Bridgestone/Firestone's prior written approval. According to Lamb's
pleadings, Bridgestone/Firestone has maintained a longstanding policy of restricting a distributor's
request to expand its business into new geographic markets where another distributor previously
indicated the same intent or Bridgestone/Firestone intended to open a company-owned store in that
same market.

 Lamb alleges that in 1995 Lamb notified Bridgestone/Firestone of his intent to open
a store in the Cedar Park area. In response, a Bridgestone/Firestone employee, Wyndham, informed
Lamb that Bridgestone/Firestone intended to open a company store in that area, and therefore Lamb
could not do so. Subsequently, Wyndham retired from Bridgestone/Firestone and opened an
independently owned retail store in Cedar Park.

 Convinced that he had been mistreated, Lamb notified Bridgestone/Firestone of
Wyndham's actions. In response, Bridgestone/Firestone entered into the letter agreement in 1996,
providing that Bridgestone/Firestone would not open any company stores in the Round Rock or
Georgetown areas for a period of three years. 

 In 1997 Lamb renewed his dealership contract with Bridgestone/Firestone. Like the
previous contracts, this contract defined the relationship, duties and obligations of the parties. It also
stated that the terms of any earlier contracts between the parties were terminated by this 1997
contract. This contract included a forum selection clause providing, "Any lawsuit instituted by either
party must be heard in a federal or state court located or sitting in Davidson County, Tennessee."

 Meanwhile, during the three-year period covered by the 1996 letter agreement, two
independent dealers opened stores in the Round Rock and Georgetown areas and marketed
Bridgestone/Firestone products. In addition, in 1998, Lamb requested that Bridgestone/Firestone
approve a Lamb subsidiary, known as Davis Tire, as an authorized Bridgestone/Firestone dealer in
Round Rock so that Lamb could sell tires to it for resale. Bridgestone/Firestone denied this request. 
On January 23, 1999, Lamb initiated a lawsuit in Travis County for the described conduct, alleging
negligent misrepresentation, fraud in the inducement, breach of contract, and damages under the
Texas Deceptive Trade Practices Act. The cause was removed to federal court. Appellees filed a
motion to dismiss based on the forum selection clause in the 1997 contract. The federal court
granted the motion and dismissed the cause without prejudice.

 Lamb then filed suit in Williamson County, alleging essentially the same causes of
action. However, in an attempt to avoid the application of the forum selection clause, Lamb stated
in its petition that it was suing for breach of only the 1996 letter agreement and not for breach of the
1997 dealership contract. The trial court nevertheless granted appellees' motion to dismiss based
on the forum selection clause in the 1997 contract, and Lamb's suit was again dismissed without
prejudice. 


DISCUSSION

 By his second point of error, Lamb contends the trial court erred in dismissing his
claims based on enforcement of the forum selection clause in the 1997 contract because that contract
was not before the court nor in dispute. Lamb does not dispute the validity or enforceability of the
forum selection clause. Rather, he argues that the causes of action he brought against
Bridgestone/Firestone do not implicate the 1997 contract, and thus, the forum selection clause has
no applicability to his suit. We disagree.

 Forum selection clauses are valid in Texas. Busse v. Pacific Cattle Feeding Fund No.
1, Ltd., 896 S.W.2d 807, 812 (Tex. App.--Texarkana 1995, writ denied). "When a party
contractually consents to the jurisdiction of a particular state, that state has jurisdiction over that
party as long as the agreed-to state will enforce the type of forum selection clause signed by the
parties." Accelerated Christian Educ., Inc. v. Oracle Corp., 925 S.W.2d 66, 72 (Tex. App.--Dallas
1996, no writ). The parties' 1997 contract included a broad forum selection clause: "Any lawsuit
instituted by either party must be heard in a federal or state court located or sitting in Davidson
County, Tennessee." (Emphasis added.) Tennessee enforces forum selection clauses unless (1)
enforcement would be unreasonable or unjust, or (2) the agreement as to the forum was obtained by
fraud or overreaching. Carefree Vacations, Inc. v. Brunner, 615 F. Supp. 211, 213 (W.D. Tenn.
1985) (citing Dyersburg Mach. Works v. Rentenbach Eng. Co., 650 S.W.2d 378 (Tenn. 1983)). 

 When the issue before us is whether a forum selection clause should be enforced in
a particular case, we review the trial court's order of dismissal for abuse of discretion. See
Greenwood v. Tillamook Country Smoker, Inc., 857 S.W.2d 654, 657 (Tex. App.--Houston [1st
Dist.] 1993, no writ). Forum selection clauses will not apply to claims where construction of the
rights and liabilities of the parties under the contract is not involved. Busse, 896 S.W.2d at 813. 
However, a party cannot avoid the application of a forum selection clause by pleading alternate
noncontractual theories of recovery if those alternate theories arise out of the contractual relationship
of the parties and implicate the contract's terms. Accelerated Christian, 925 S.W.2d at 72. 

 Here, Lamb asserts that the breach of contract claim implicates only the letter
agreement; however, his description of damages belies the true nature of his claims. In his pleading,
Lamb requests damages for 


lost profits for the Cedar Park store, lost profits due to the loss of economy of scale
which the additional sales volume from the Cedar Park store would have provided
all of the stores, lost profit from not being able to stock and/or sell
[Bridgestone/Firestone] product in the Davis Tire store situated in Round Rock,
Texas and a similar loss of profit due to the loss economy of scale which the
additional volume from Davis Tire would have provided all of the stores, loss of
market penetration, loss of market share, loss of competitive market superiority, loss
of advertising market saturation, inability to implement a business plan to follow the
population growth into the fast growing suburban community in the northern portion
of the Austin Standard Metropolitan Statistical area. 



First, with regard to loss of profits from the Cedar Park store, the letter agreement does not address
the location of stores in the Cedar Park area. More importantly, however, the letter agreement in no
way purports to govern whether or how Bridgestone/Firestone will approve a Lamb-affiliated store,
whether in Cedar Park or any other location. Thus, the damages described as loss of profits from the
Cedar Park store reach beyond the provisions in the letter agreement. And any approval or failure
to approve of the location of a Lamb-affiliated store in Cedar Park must be governed by the contract
setting forth the duties and obligations of the contracting parties. (4) 

 Similarly, the claim for loss of profits resulting from Bridgestone/Firestone's denial
of Lamb's request to stock or sell tires at the Davis store does not implicate the letter agreement. 
The letter agreement does not guarantee or even address Bridgestone/Firestone's procedures
surrounding the approval or denial of a request to stock or sell tires in a particular location. The
letter agreement addresses only Bridgestone/Firestone's pledge not to locate a company operated
store or sign an independent dealer agreement with a retail dealer in the Round Rock and
Georgetown areas. 

 Even if we were to hold that Lamb's breach of contract claims are limited to breach
of the letter agreement, those claims nevertheless implicate the duties and obligations of the parties
under their dealership agreement. Those duties and obligations are not covered by the letter
agreement alone. The letter agreement addresses only a geographic limitation or location of
company-owned stores; it is a minor part of the entire contractual relationship between Lamb and
Bridgestone/Firestone. Thus, Lamb's conflict with Bridgestone/Firestone encompasses more than
the letter agreement. 

 It is worth noting that the forum selection clause in the 1997 contract states that
"[a]ny lawsuit" must be heard by a court in Tennessee. (Emphasis added.) There is no evidence that
the parties were not dealing with each other at arms length before executing this contract. The
parties had maintained a contractual relationship for several years before executing the 1997
contract. Lamb was aware of at least some of the conduct that allegedly gave rise to this dispute
before he signed the 1997 contract with its forum selection clause, yet he signed the contract and
agreed that any claims he might thereafter initiate against Bridgestone/Firestone could only be
brought in a Tennessee court. We overrule Lamb's second issue and hold the trial court did not
abuse its discretion in determining that Lamb's suit was subject to the forum selection clause in the
1997 contract.

 By his first issue, Lamb maintains that the trial court abused its discretion by
"retroactively applying a forum selection clause from one contract to a previous contract between
the parties." The sole issue before us is whether the trial court abused its discretion in dismissing
Lamb's suit based on the forum selection clause. Although some of the conduct made the basis of
Lamb's claims occurred prior to 1997, Lamb initiated this lawsuit subsequent to the execution of the
1997 contract. The contract states that any lawsuit instituted by either party must be brought in
Tennessee. Enforceability of this clause does not require retroactive application. We overrule
Lamb's first point of error.



CONCLUSION

 We hold that the trial court did not abuse its discretion in concluding that Lamb's
claims involved the rights and duties of the parties under the 1997 dealership contract and dismissing
the cause based on the forum selection clause in that contract. We affirm the trial court's order of
dismissal.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: May 3, 2001

Do Not Publish
1. When referring to Lamb, we refer to both Lamb Ventures, Inc. and its representative, John
Lamb.
2. Appellee Cliff Wyndham is a former employee of Bridgestone/Firestone. Because his claims
on appeal are identical to Bridgestone/Firestone's, we will refer to appellees collectively as
Bridgestone/Firestone.
3. These facts are taken from the parties' pleadings in the trial court and their briefs before this
Court.
4. Bridgestone/Firestone argues that the 1997 contract contradicts the letter agreement and
therefore should be construed as superseding the letter agreement. This issue is not before us, and
we express no opinion on it. Nor should our holding be construed to imply that the letter agreement
was never breached by Bridgestone/Firestone. We are called upon only to determine whether the
trial court abused its discretion in applying the forum selection clause to Lamb's causes of action. 
If Lamb decides to file his cause in the appropriate forum, that court will determine which of the
contracts govern the parties' conduct and whether any of the contracts was breached.



-affiliated store in Cedar Park must be governed by the contract
setting forth the duties and obligations of the contracting parties. (4) 

 Similarly, the claim for loss of profits resulting from Bridgestone/Firestone's denial
of Lamb's request to stock or sell tires at the Davis store does not implicate the letter agreement. 
The letter agreement does not guarantee or even address Bridgestone/Firestone's procedures
surrounding the approval or denial of a request to stock or sell tires in a particular location. The
letter agreement addresses only Bridgestone/Firestone's pledge not to locate a company operated
store or sign an independent dealer agreement with a retail dealer in the Round Rock and
Georgetown areas. 

 Even if we were to hold that Lamb's breach of contract claims are limited to breach
of the letter agreement, those claims nevertheless implicate the duties and obligations of the parties
under their dealership agreement. Those duties and obligations are not covered by the letter
agreement alone. The letter agreement addresses only a geographic limitation or location of
company-owned stores; it is a minor part of the entire contractual relationship between Lamb and
Bridgestone/Firestone. Thus, Lamb's conflict with Bridgestone/Firestone encompasses more than
the letter agreement. 

 It is worth noting that the forum selection clause in the 1997 contract states that
"[a]ny lawsuit" must be heard by a court in Tennessee. (Emphasis added.) There is no evidence that
the parties were not dealing with each other at arms length before executing this contract. The
parties had maintained a contractual relationship for several years before executing the 1997
contract. Lamb was aware of at least some of the conduct that allegedly gave rise to this dispute
before he signed the 1997 contract with its forum selection clause, yet he signed the contract and
agreed that any claims he might thereafter initiate against Bridgestone/Firestone could only be
brought in a Tennessee court. We overrule Lamb's second issue and hold the trial court did not
abuse its discretion in determining that Lamb's suit was subject to the forum selection clause in the
1997 contract.

 By his first issue, Lamb maintains that the trial court abused its discretion by
"retroactively applying a forum selection clause from one contract to a previous contract between
the parties." The sole issue before us is whether the trial court abused its discretion in dismissing
Lamb's suit based on the forum selection clause. Although some of the conduct made the basis of
Lamb's claims occurred prior to 1997, Lamb initiated this lawsuit subsequent to the execution of the
1997 contract. The contract states that any lawsuit instituted by either party must be brought in
Tennessee. Enforceability of this clause does not require retroactive application. We overrule
Lamb's first point of error.



CONCLUSION

 We hold that the trial court did not abuse its discretion in concluding that Lamb's
claims involved the rights and duties of the parties under the 1997 dealership contract and dismissing
the cause based on the forum selection clause in that contract. We affirm the trial court's order of
dismissal.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: May 3, 2001

Do Not Publish
1. When referring to Lamb, we refer to both Lamb Ventures, Inc. and its representative, John
Lamb.
2. Appellee Cliff Wyn