FILED

04/05/2024

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 7, 2024 Session

## VICTOR DANIEL MEDINA-TRATEL v. CHRISTOPHER HOLLOWAY, ET AL.

**Appeal from the Chancery Court for Wilson County**
**No. 2022-CV-154          Charles C.K. Smith, Chancellor**

_____

### No. M2022-01640-COA-R3-CV

_____

The dispositive issue on appeal concerns a forum selection clause in the LLC Agreement of Catch22Nashville, LLC ("the LLC Agreement"). Catch22Nashville, LLC initially had four members who owned equal membership interests. The principal business of the LLC was a restaurant operating under the name Catch22 Gastropub. A dispute arose when one of the four members, Christopher Holloway ("Mr. Holloway"), purchased the membership interests of two other members, Richard Miley ("Mr. Miley") and Justin Kamishlian ("Mr. Kamishlian"), resulting in Mr. Holloway owning three-fourths of the membership interests in the LLC. The fourth member, Victor Daniel Medina-Tratel ("Mr. Medina"), claims that Mr. Holloway promised to transfer the interest portion belonging to Mr. Kamishlian to Mr. Medina upon his payment of $40,000, so that Mr. Holloway and Mr. Medina would own Catch22Nashville, LLC in equal interests. Instead, Mr. Holloway transferred a one-fourth membership interest in the LLC to his wife Melanie Holloway ("Ms. Holloway"). Two years later, the landlord of Catch22 Gastropub terminated its lease and evicted the restaurant from the premises, forcing it to cease business. On the day of the eviction, Mr. Medina obtained a cashier's check in the amount of $100,000 from the LLC's bank account that was made payable to the Clerk and Master of Wilson County. Mr. Medina then filed a complaint in the Chancery Court of Wilson County against Mr. Holloway and Ms. Holloway (hereinafter "the Holloways") for fraud, negligent misrepresentation, and conversion related to the transfer of Mr. Kamishlian's membership interest in the LLC. Mr. Medina also filed a motion to interplead into court the $100,000 that he withdrew from the LLC's corporate account. The LLC then motioned to intervene as a party with a vested interest in the interpleaded funds. The trial court granted both Mr. Medina's motion for interpleader and the LLC's motion to intervene. The LLC and the Holloways (hereinafter "Defendants") then filed motions to dismiss based on the forum selection clause in the LLC Agreement. Section 1.09 of the LLC Agreement states "[v]enue for any dispute arising under this LLC Agreement or any disputes among any Members or the Company will be in the county of the Company's Registered Office." The trial court ruled that, under the forum selection clause in the LLC Agreement, exclusive venue for Mr. Medina's claims

- 1 -

was in Oconee County, Georgia, the county of the company's registered office, and dismissed the case without prejudice for lack of proper venue. Mr. Medina filed a timely appeal. For the reasons discussed below, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which KRISTI M. DAVIS and JEFFREY USMAN, JJ., joined.

B. Keith Williams and James R. Stocks, Lebanon, Tennessee, for the appellant, Victor Daniel Medina-Tratel.

Miles T. Martindale, Brentwood, Tennessee, for the appellee, Catch22 Nashville, LLC.

David M. Rich, Nashville, Tennessee, for the appellees, Christopher Holloway and Melanie Holloway.

## OPINION

### FACTS AND PROCEDURAL HISTORY

In July 2018, Catch22Nashville, LLC ("the LLC"), opened a restaurant in Mt. Juliet, Tennessee under the name Catch22 Gastropub (hereinafter "the Restaurant"). At that time, the LLC had four members, each with equal 25% interests: Mr. Medina, Mr. Holloway, Mr. Miley and Mr. Kamishlian. Mr. Medina was the onsite manager and head chef for the Restaurant, while Mr. Holloway served as the bookkeeper. Mr. Miley and Mr. Kamishlian took no part in any operational or bookkeeping activities of the LLC or the Restaurant.

In December 2020, Mr. Holloway purchased the membership interests of Mr. Miley and Mr. Kamishlian in the LLC. According to Mr. Medina, Mr. Holloway had stated that he would transfer the 25% membership interest previously held by Mr. Kamishlian to Mr. Medina upon Mr. Medina's payment of $40,000, which would result in Mr. Holloway and Mr. Medina having equal membership interests in the LLC. Although Mr. Medina claimed to have the $40,000 available to fulfill his end of the agreement, Mr. Holloway transferred the 25% interest portion to his wife, Ms. Holloway.

Two years later, 615 Construction, LLC ("615 Construction"), the landlord for the property that housed the Restaurant, claimed that the LLC had breached its lease agreement. Then, on July 13, 2022, 615 Construction evicted the LLC, and the Restaurant was forced to shutter. Later that day, Mr. Medina secured a cashier's check from the LLC's corporate bank account in the amount of $100,000 made payable to the Clerk and Master of Wilson County, leaving $20,500 in the account to cover payroll of the Restaurant.

On July 14, 2022, Mr. Medina filed a complaint in Wilson County Chancery Court against the Holloways, alleging tort claims for fraud, negligent misrepresentation, and conversion. Mr. Medina claimed that Mr. Holloway had made fraudulent representations regarding the transfer of Mr. Kamishlian's 25% ownership interest, and that Mr. Medina had detrimentally relied on these representations in agreeing to allow the purchase and transfer of Mr. Miley and Mr. Kamishlian's interests. Mr. Medina further claimed that Mr. Holloway had misappropriated funds while acting as bookkeeper for the Restaurant, stating that Mr. Holloway had "erroneously paid his wife['s] . . . owner's draws and other monies amounting to conversion of said funds."

That same day, Mr. Medina filed a motion for interpleader with the Wilson County Chancery Court, seeking to interplead the $100,000 that he had withdrawn from the LLC's corporate bank account, and requesting that the court pay all current obligations of the Restaurant.[1] On August 17, 2022, the LLC motioned to intervene as a defendant as it related to the interpleader action. On August 25, 2022, the trial court entered an order granting both the LLC's motion to intervene and Mr. Medina's motion for interpleader.

Defendants then filed separate motions to dismiss, arguing, inter alia, that Wilson County was not the proper venue for Mr. Medina's claims under a forum selection clause contained within the LLC Agreement. Section 1.09 of the LLC Agreement ("the Forum Selection Clause") states that "Venue for any dispute arising under this LLC Agreement or any disputes among any Members or the Company will be in the county of the Company's Registered Office." Section 1.07 of the LLC Agreement further states that "[t]he Company's…registered office is at 115 Southland Drive, Watkinsville, Georgia 30677," which is located in Oconee County, Georgia. Accordingly, Defendants argued that Mr. Medina is "precluded from bringing any action against Catch22 or its members in Wilson County, Tennessee. The mandated forum under the LLC agreement is Watkinsville, Oconee County, Georgia."

Defendants' motions to dismiss came on for hearing on October 17, 2022. After hearing arguments from counsel on the issue of venue, the trial court ruled from the bench, granting Defendants' motions to dismiss solely on the grounds of improper venue.

On October 28, 2022, the trial court entered its written order of dismissal without prejudice, finding that

> Section 1.09 of the LLC agreement of Catch22 LLC is a choice of venue
> provision that provides "[v]enue for any dispute arising under this LLC
> Agreement or any disputes among any Members or the Company will be in

---

[1] Mr. Medina stated that he withdrew the funds after the close of the Restaurant and then filed the motion for interpleader to deposit the funds with the court because he feared that the funds would be squandered by Mr. Holloway and that corporate debts would go unpaid.

the county of the Company's Registered Office." The Court further finds that the *LLC's* Registered Office is defined in the *LLC* agreement as being located in Watkinsville, Oconee County, Georgia. Because the Court finds that the claims set forth in Plaintiff's Complaint fall under Section 1.09 of the LLC Agreement, the Court finds that this Court is not the proper venue and that this matter should therefore be dismissed solely for lack of proper venue, **without prejudice** to refiling by Plaintiff in a court with proper venue.

(Emphasis in original).

The court further found that "The $100,000 funds interpleaded with this Court in this matter should stay held by the Clerk & Master's office until the appeal deadline has passed and during the pendency of any appeal that is taken by Plaintiff."

Mr. Medina filed a timely notice of appeal on November 29, 2022.

In the interim, in August 2022, 615 Construction commenced a separate and independent landlord-tenant breach of contract action in the Circuit Court for Wilson County against the LLC, Mr. Holloway, and Mr. Medina. The LLC and Mr. Holloway each filed answers and counter-claims in response to the claims by 615 Construction.

Then, in March 2023, Mr. Holloway and the LLC filed cross-claims against Mr. Medina, alleging tortious and intentional interference with the contract and business relationship between Catch22 and 615 Construction. In part, Mr. Holloway and the LLC alleged that Mr. Medina "breached the operating agreement and his obligations to Catch22 by engaging in fraud [and] misrepresentation[.]"[2]

In August 2023, Mr. Medina filed a motion in this court for consideration of post-judgment facts, wherein he moved this court to take judicial notice of the cross-claims filed by Defendants in the aforementioned landlord-tenant action. Mr. Medina argued that Defendants "made claims/allegations against [him] that are contrary to the arguments regarding the issue of venue that they presented at hearing on their Motions to Dismiss in this matter." Defendants filed a joint response to this motion, arguing that this court should not consider the post-judgment facts asserted by Mr. Medina. We entered an order taking the motion and responses under advisement pending oral arguments.

---

[2] The landlord-tenant action is currently pending in the circuit court.

- 4 -

## ISSUES

Mr. Medina raises two issues on appeal. Defendants raise no additional issues. We restate Mr. Medina's issues as follows:

I.     Whether the trial court erred in dismissing Mr. Medina's claims for lack of proper venue.

II.    Whether Defendants have unclean hands in bringing claims against Mr. Medina in Wilson County Circuit Court.

## STANDARD OF REVIEW

A trial court's grant of a motion to dismiss for improper venue presents a question of law. *Lanius v. Nashville Electric Service*, 181 S.W.3d 661, 663 (Tenn. 2005). We review questions of law de novo without a presumption of correctness. *Orrick v. Bestway Trucking, Inc.*, 184 S.W.3d 211, 216 (Tenn. 2006) (citation omitted).

This case requires us to interpret an LLC operating agreement. An LLC operating agreement is an enforceable contract between its members. *See Mulloy v. Mulloy*, No. M2017-01949-COA-R3-CV, 2019 WL 5078924, at *5 (Tenn. Ct. App. Oct. 10, 2019). The interpretation of a written contract is a question of law, which we review de novo with no presumption of correctness. *ESI Companies, Inc. v. Ray Bell Const. Co.*, No. W2007-00220-COA-R3-CV, 2008 WL 544563, at *4 (Tenn. Ct. App. Feb. 29, 2008) (citations omitted). In interpreting contracts, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language. *Id.* (citations omitted).

## ANALYSIS

### I.     THE FORUM SELECTION CLAUSE

Mr. Medina contends that his tort claims against Defendants are not subject to the Forum Selection Clause contained within the LLC Agreement because it specifically applies to "disputes about the LLC Agreement" and his claims were "separate, independent misrepresentation/conversion tort claims" which did not "allege any specific violations of the LLC Agreement[.]" He further contends that, even if his claims fall under the purview of the Forum Selection Clause, forcing him to bring his claims "hundreds of miles away in the state of Georgia" would be unfair and inequitable because his complaint sets forth "Tennessee tort causes of action by a Tennessee resident Plaintiff against Tennessee resident Defendants," and Georgia would be a "substantially less convenient place for trial."

Defendants argue that Mr. Medina's claims are indeed subject to the Forum Selection Clause. First, they argue that his claims "arise under" the LLC Agreement because his misrepresentation claim alleges "a violation of Article 11 of the LLC Agreement," and his conversion claim alleges "a violation of Section 6.08 of the LLC Agreement." Second, they note that Mr. Medina is bringing claims against the Holloways, who are "[b]oth . . . members of Catch22." Defendants also contend that Mr. Medina has waived any arguments regarding the enforceability of the Forum Selection Clause because he "failed to object to the validity or the enforceability of the LLC Agreement's forum selection clause while this action was at the Trial Court."

We first address the enforceability of the Forum Selection Clause. In Tennessee, a forum selection clause is generally enforceable and binding upon the parties, and will be upheld if it is fair and reasonable in light of the circumstances surrounding its origin and application. *Blackwell v. Sky High Sports Nashville Operations, LLC*, 523 S.W.3d 624, 630 (Tenn. Ct. App. 2017) (citing *Lamb v. MegaFlight, Inc.*, 26 S.W.3d 627, 631 (Tenn. Ct. App. 2000); *Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378 (Tenn. 1983)). The Tennessee Supreme Court has held that a court must give effect to a forum selection clause unless:

(1) the plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action; (2) or the other state would be a substantially less convenient place for the trial of the action than this state; (3) or the agreement as to the place of the action was obtained by misrepresentation, duress, abuse of economic power, or other unconscionable means; or (4) it would for some other reason be unfair or unreasonable to enforce the agreement.

*Dyersburg Mach. Works, Inc.*, 650 S.W.2d at 380 (citing *The Model Choice of Forum Act*, 1968).

Here, Mr. Medina has not asserted that the Forum Selection Clause was obtained by "misrepresentation, duress, abuse of economic power, or other unconscionable means," or that he would not be able to secure effective relief in Georgia. Moreover, while Mr. Medina makes a convenience argument on appeal, he did not raise that argument in the trial court. Consequently, that argument is waived. *See Harmon v. Hickman Cmty. Healthcare Servs., Inc.*, 594 S.W.3d 297, 300–01 (Tenn. 2020) ("Issues not raised in the trial court . . . may be deemed waived when presented to this Court.") (citation omitted). Thus, because Mr. Medina has failed to demonstrate that enforcement of the Forum Selection Clause would be unfair or unreasonable, we find that the Forum Selection Clause is enforceable. *See Blackwell*, 523 S.W.3d at 631 ("[T]he party challenging the enforcement of a forum selection clause 'should bear a heavy burden of proof.'") (citation omitted).

Having determined that the Forum Selection Clause is enforceable, we next consider whether Mr. Medina's claims are subject to the Forum Selection Clause. As noted above, the Forum Selection Clause applies to "disputes among any Members" and "any dispute arising under this LLC Agreement." Mr. Medina's misrepresentation claim pertains to the transfer of ownership interest in Catch22, and both his misrepresentation claim and his conversion claim involve members of Catch22. We find that these disputes fall within the plain language of the Forum Selection Clause. While we understand that Defendants' argument could go to such an extreme as to require the two married members of the LLC—the Holloways—to file for divorce in Georgia, those are not the facts before us. Under the plain language of the Forum Selection Clause, it is clear that claims like those brought by Mr. Medina in this case were "reasonably foreseen" by the members of Catch22 at the time that they signed the LLC Agreement, and that it was their intent that these types of disputes be litigated in Georgia. *ESI Companies, Inc.*, 2008 WL 544563, at *7 ("A party resisting a forum selection clause . . . cannot rely on facts and circumstances that were present or reasonably foreseen when they signed the contract.") (citing *Sevier Cnty. Bank v. Paymentech Merch. Servs., Inc.*, No. E2005-02420-COA-R3CV, 2006 WL 2423547, at *6 (Tenn. Ct. App. Aug. 23, 2006); *Safeco Ins. Co. of Am. v. Shaver*, No. 01A01-9301-CH-00005, 1994 WL 481402, at *4 (Tenn. Ct. App. Sept. 7, 1994)).

Accordingly, we hold that the trial court did not err when it concluded that the Forum Selection Clause contained within the LLC Agreement is enforceable under Tennessee law, and that Mr. Medina's tort claims against Defendants fall under the Forum Selection Clause.

## II.   POST-JUDGMENT FACTS

Mr. Medina also contends that Mr. Holloway and the LLC have unclean hands in bringing cross-claims against him in the independent landlord-tenant action brought by 615 Construction in Wilson County Circuit Court. As a result, Mr. Medina asks that this court grant his motion to consider post-judgment facts and reverse the trial court's dismissal of his tort claims to allow him to proceed with his claims in Tennessee.

Defendants argue that the landlord-tenant action is "based on facts that are wholly separate and unrelated to the instant action" and that it has "no impact on the instant action." Thus, under Tennessee Rules of Appellate Procedure 13 and 14, they argue that this court should deny Mr. Medina's motion to consider post-judgment facts.

Rule 14(a) of the Tennessee Rules of Appellate Procedure states, in pertinent part:

> The Supreme Court, Court of Appeals, and Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. While neither controlling nor fully measuring the court's

discretion, **consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action**[.]

Tenn. R. App. P. 14(a) (emphasis added). Tennessee Rule of Appellate Procedure 13 permits this court to consider facts beyond the trial court record if those facts "may be judicially noted." Tenn. R. App. P. 13(c). This court has opined that "judicial notice of adjudicative facts generally refers to the recognition of facts that are relevant to a specific lawsuit." *Counts v. Bryan*, 182 S.W.3d 288, 292 (Tenn. Ct. App. 2005) (citation omitted).

Although Mr. Medina properly filed a motion for consideration of post judgment facts with this court, the cross-claims referenced in his motion is based on his alleged interference with the contract and business relationship between Defendants and 615 Construction. It does not involve the transfer of ownership interest in the LLC or alleged conversion of LLC funds. Moreover, Defendant's cross-claims were brought subsequent to the entry of the order of dismissal in the instant case, and the venue of these cross-claims is irrelevant to the present case. As such, we find that Defendants' cross-claims are based on a distinct set of facts that are not relevant to the present case and do not affect the position of the parties or the subject matter of the instant action.

Accordingly, we respectfully decline to exercise our discretion to consider the post-judgment facts set forth in Mr. Medina's motion.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court in all respects. Costs of appeal are assessed against the appellant, Victor Daniel Medina-Tratel.

_____
FRANK G. CLEMENT JR., P.J., M.S.

- 8 -