IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 3, 2024

**THOMAS J. WOLAVER ET AL. v. JBEEZ, INC.**

**Appeal from the Circuit Court for Franklin County**
**No. 2020-CV-234   Bradley Sherman, Judge**

_____

**No. M2024-00545-COA-R3-CV**
_____

A husband and his wife found their rental boat unsatisfactory.  So they sued the rental company, alleging a violation of the Tennessee Consumer Protection Act.  The rental company moved to dismiss based on a forum-selection clause in the rental agreement that required all disputes to be brought in a different county.  The husband and wife responded that the venue provision of the Tennessee Consumer Protection Act controlled over the forum-selection clause.  The trial court agreed with the rental company and dismissed the suit without prejudice.  We vacate the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

T. Jake Wolaver, Columbia, Tennessee, for the appellants, Thomas J. Wolaver and Jean L. Wolaver.

W. I. Howell Acuff, Cookeville, Tennessee, for the appellee, JBeez, Inc.

**OPINION**

**I.**

Jean L. Wolaver signed a Personal Watercraft Lease Agreement for the rental of a ski boat and jet ski from JBeez, Inc.  The lease provided that it would "be construed in accordance with the laws of the State of Tennessee" and that "[a]ny court action relating to this lease or the use of the leased watercraft, in any way, must be brought in a court of

competent jurisdiction in Putnam County, Tennessee."[1]

Ms. Wolaver and her husband, Thomas J. Wolaver, used the boat for the first day of the rental. Early on the second day, the boat experienced mechanical problems. Although Mr. Wolaver spoke with representatives of JBeez in an effort resolve the problems, ultimately the Wolavers "deemed the boat to be unsafe for continued use."

The Wolavers sued JBeez in the general sessions court of Franklin County, Tennessee. They claimed that JBeez violated the Tennessee Consumer Protection Act ("TCPA") because it "advertised the provision of goods and services of a certain quality[] and then provided goods and services of lesser quality." And they claimed that Franklin County was the proper venue because they took delivery of the ski boat and jet ski there.

The general sessions court granted the Wolavers a judgment. But the court noted that "there [we]re possible venue issues" and an appeal was anticipated.

JBeez did appeal to the circuit court and moved for summary judgment. It primarily argued that the Wolavers suffered no damages, but in the alternative, it argued that the case was filed in the wrong venue because Franklin County was not the venue specified in the lease. In response to the venue argument, the Wolavers submitted an affidavit establishing that the boat was delivered to them in Franklin County. And, according to the Wolavers, that was "the county where the alleged unfair or deceptive act or practice took place" under the TCPA's venue provision. *See* Tenn. Code Ann. § 47-18-109(a)(2) (Supp. 2020).

The circuit court dismissed the case without prejudice. It did so based on "the contractual clause specifying Putnam County as the forum for any disputes related to the lease."

## II.

### A.

The Wolavers raise a single issue for review: whether the trial court erred in dismissing their claims for improper venue based on the lease's forum-selection clause. Although neither the motion for summary judgment nor the court's final order mention Tennessee Rule of Civil Procedure 12.02, both the Wolavers and JBeez seem to agree that the dismissal was for "improper venue" under that rule.[2] *See* TENN. R. CIV. P. 12.02(3). A

---

[1] The lease listed JBeez's address as a post office box in Putnam County.

[2] Defendants in Tennessee courts commonly seek to enforce a forum-selection clause by a Rule 12.02(3) motion to dismiss for improper venue. *See, e.g., Medina-Tratel v. Holloway*, No. M2022-01640-COA-R3-CV, 2024 WL 1479976, at *3 (Tenn. Ct. App. Apr. 5, 2024); *Kopecky v. Holiday Inn Club Vacations, Inc.*, No. E2022-01137-COA-R3-CV, 2023 WL 4583622, at *2 (Tenn. Ct. App. July 18, 2023);

Rule 12.02 motion to dismiss for improper venue presents a question of law, which we review de novo. *Lanius v. Nashville Elec. Serv.*, 181 S.W.3d 661, 663 (Tenn. 2005).

Generally, courts enforce contractual forum-selection clauses "unless the party opposing enforcement demonstrates that it would be unfair and inequitable to do so." *Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378, 380 (Tenn. 1983). In determining whether the clause is unfair and inequitable, courts consider whether

> (1) the plaintiff cannot secure effective relief in the [agreed forum], for reasons other than delay in bringing the action; (2) or the [agreed forum] would be a substantially less convenient place for the trial of the action than this state; (3) or the agreement as to the place of the action was obtained by misrepresentation, duress, abuse of economic power, or other unconscionable means; (4) or it would for some other reason be unfair or unreasonable to enforce the agreement.

*Id.* (citing *The Model Choice Forum Act of 1968).*

The Wolavers argue that a prior decision of this Court held that any "provision that seeks to restrict venue for claims under the TCPA is void as matter of public policy." But the decision, *Walker v. Frontier Leasing Corp.*, does not go so far. In *Walker*, we recognized that the TCPA impacts forum-selection clauses in that a forum-selection clause "cannot defeat the ability of a Tennessee consumer to bring an action under the TCPA within the appropriate forum in this state." No. E2009-01445-COA-R3-CV, 2010 WL 1221413, at *5 (Tenn. Ct. App. Mar. 30, 2010). More precisely, the TCPA declares "void" choice of forum or choice of law clauses that point outside of Tennessee if the asserted claim arises under or relates to the TCPA. Tenn. Code Ann. § 47-18-113(b) (2013). With respect to forum-selection clauses, the TCPA provides that

> [a]ny provision in any agreement or stipulation, verbal or written, restricting jurisdiction or venue to a forum *outside this state* . . . with respect to any

---

*Blackwell v. Sky High Sports Nashville Operations, LLC*, 523 S.W.3d 624, 629-30 (Tenn. Ct. App. 2017); *Cohn L. Firm v. YP Se. Advert. & Publ'g, LLC*, No. W2014-01871-COA-R3-CV, 2015 WL 3883242, at *3 (Tenn. Ct. App. June 24, 2015). In federal court, forum-selection clauses are "enforced through a motion to transfer under [28 U.S.C.] § 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 50 (2013). Rule 12(b)(3) of the Federal Rules of Civil Procedure, the federal rule corresponding to Rule 12.03, "allow[s] dismissal only when venue is . . . 'improper.'" *Id.* at 55. But the Supreme Court has held that "[w]hether venue is . . . 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.*

claim arising under or relating to the Tennessee Consumer Protection Act of 1977 and related acts set forth in this title is void as a matter of public policy.

*Id.* (emphasis added).

Here, the forum-selection clause is not void under the TCPA. The Wolavers' claim arises under the TCPA, but the agreed forum is within Tennessee.[3] So the section cited in *Walker* does not apply. 2010 WL 1221413, at *5-6.

B.

Based on our conclusion that the TCPA does not bar the Wolavers' claim, we could affirm the dismissal of their case without prejudice. But because the forum-selection clause points to a Tennessee county, we remand the case for consideration of whether the case should be transferred under Tennessee Code Annotated § 16-1-116 (2020). In some circumstances, transfer rather than dismissal without prejudice better serves "the interests of justice and of judicial economy." *Kampert v. Valley Farmers Co-op.*, No. M2009-02360-COA-R10-CV, 2010 WL 4117146, at *5 (Tenn. Ct. App. Oct. 19, 2010); *see also Humphreys v. Selvey*, 154 S.W.3d 544, 555-56 (Tenn. Ct. App. 2004) (determining that "the interest of justice would best be served by transferring the lawsuit" instead of "affirm[ing] the trial court's outright dismissal of the action").

**III.**

We agree with the trial court's conclusion that the TCPA does not void the forum-selection clause found in the lease agreement. But we vacate the judgment of dismissal without prejudice for consideration of whether the case should be transferred to Putnam County under Tennessee Code Annotated § 16-1-116.

s/ W. Neal McBrayer
W. NEAL MᴄBRAYER, JUDGE

---

[3] Although it does not impact the outcome, we also note the agreed forum, Putnam County, is an appropriate forum under the TCPA. The record reflects that JBeez "resides, has . . . [a] principal place of business, conducts, transacts, or has transacted business" in Putnam County. Tenn. Code Ann. § 47-18-109(a)(2) (Supp. 2020).

4