**Robert Eugene LAMB, Indiv., James Morris Lofton, Indiv., Robert C. Lee, Indiv., and William Gordon Bailey, Indiv., Plaintiffs/Appellants,**

v.

**MEGAFLIGHT, INC., a Florida Corp., Ronald Rosenberg, Indiv., and Gilbert Noel, Indiv., Defendants/Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 9, 2000.

Application for Permission to Appeal Denied by Supreme Court July 17, 2000.

E. Patrick Lancaster, Petkoff & Lancaster, Memphis, TN, Donald R. Anderson, Smith, Howard & Ajax, Atlanta, GA, for appellants.

Terry Abernathy, Selmer, TN, Martin A. Pedata, St. Petersburg, FL, for appellees.

ALAN E. HIGHERS, J.

Lamb, Lee, Lofton, and Bailey ("Plaintiffs" or "Phoenix") brought suit alleging breach of contract and fraudulent inducement in the Chancery Court of McNairy County, Tennessee. MegaFlight, Rosenberg, and Noel ("MegaFlight") filed a Motion to Dismiss for lack of jurisdiction because a forum selection clause in the contract specified that any action must be brought in the courts of Orange County, Florida. The trial court granted Defendants' motion to dismiss. Plaintiffs appeal. Based upon the following, we reverse the lower court's grant of Defendants' Motion to Dismiss.

### Facts and Procedural History

Plaintiffs are stockholders of Phoenix Corporation, a Mississippi corporation, with its principal place of business at Selmer in McNairy County, Tennessee. MegaFlight, a Florida corporation, contacted Plaintiffs in the summer of 1997 and ex-

pressed an interest in buying Phoenix. Subsequently, Gilbert Noel, president of MegaFlight, and Ronald Rosenberg, vice-president, traveled to Phoenix's place of business in Selmer, Tennessee. Following the initial visit, both Noel and Rosenberg made several other trips to Selmer to observe Phoenix's operations and negotiate a sale. The parties eventually agreed to a purchase price of six million dollars.

On October 16, 1997, Rosenberg traveled to Selmer on behalf of MegaFlight to finalize the sale. At that time, Plaintiffs asked why Noel was not present at the closing. In response, Rosenberg indicated that Noel was out of the country on business. In reality, Noel was being held at the Seminole County Jail in Florida awaiting extradition to Germany to face money laundering and tax evasion charges.

Despite Noel's absence, the closing took place. However, Rosenberg failed to present Plaintiffs with the initial payment of five hundred thousand dollars that was due upon closing. Rosenberg indicated that the payment would be made the next business day.[1] Despite MegaFlight's failure to pay, the physical assets of Phoenix, as well as the corporate books, records, and check book were given to Rosenberg at the closing. Rosenberg took these items to Florida immediately thereafter. MegaFlight failed to make any of the remaining payments required under the contract.

MegaFlight claimed that its failure to pay the amounts due under the contract was because of misrepresentations made by Plaintiffs. Subsequently, MegaFlight filed suit against Plaintiffs in the Circuit Court of Orange County, Florida. The jurisdiction of the Orange County courts was based on a forum selection clause in the contract. Under the forum selection clause, any suit arising out of the contract must be brought in the courts of Orange County, Florida, where MegaFlight's primary counsel was located. Plaintiffs did not protest or in any other way dispute the forum selection clause at the time of contracting.

In response to the Florida suit filed by MegaFlight, Plaintiffs herein filed an answer. At that time, they did not question the jurisdiction of the Florida court. In fact, Plaintiffs herein initiated their own suit in the Circuit Court of Orange County, Florida. After filing several motions regarding this second suit, the case of Plaintiffs herein was voluntarily dismissed. Following that dismissal, Plaintiffs filed suit against MegaFlight in the Chancery Court of McNairy County, Tennessee, on September 1, 1998.

In the Tennessee suit, Plaintiffs sought a Writ of Possession for return of the Phoenix stock certificates that were held as collateral under the stock pledge agreement as well as whatever equitable relief the court would grant.[2] Plaintiffs claimed jurisdiction was proper in the Tennessee court because all acts required to be performed by Plaintiffs took place in McNairy County, Tennessee. According to Plaintiffs, Defendants were subject to the jurisdiction of the court pursuant to the Tennessee long arm statute. Plaintiffs claimed that the application of the forum selection clause contained in the contract would be unfair, unreasonable, and unjust.

On September 11, 1998, MegaFlight filed a Motion to Dismiss via a special appearance in the Chancery Court of McNairy County, Tennessee, on the basis that a Florida court already had jurisdiction over the parties and the property due to the forum selection clause. The court set a hearing for September 14, 1998, to determine whether MegaFlight's motion should be granted and to determine

1. MegaFlight failed to provide the payment that was due at closing until some three weeks later, following Plaintiffs' repeated demands.

2. Plaintiffs sought both temporary and permanent injunctions against MegaFlight for return of the stock certificates and to prevent MegaFlight from disposing of Phoenix corporation's assets.

whether Plaintiffs' application for Writ of Possession should be granted.

On September 14, 1998, Plaintiffs filed a motion for leave to file an amendment to their original complaint. Plaintiffs' proposed amendment sought rescission of the entire contract based upon fraud in the inducement. Rescission of the contract would make the forum selection clause unenforceable, thus allowing Plaintiffs to proceed with their suit in the McNairy County court.

Following the hearing, the court granted MegaFlight's Motion to Dismiss based on the forum selection clause in the contract. In the order, entered on September 22, 1998, the court stated that its decision was based on the parties' pleadings, appearances, and statements of counsel, as well as upon review of the entire record in the case. The court found "no justifiable reasons or good cause that the forum selection clauses in the various contractual agreements should not be observed and enforced." Further, the court denied Plaintiffs' Application for Writ of Possession, stating that such action was appropriate only in the court specified in the forum selection clause. The court did not specifically address Plaintiffs' proposed amendment alleging fraud in the inducement. Plaintiffs filed a timely notice of appeal.

On appeal, Plaintiffs allege that the trial court erred in granting MegaFlight's Motion to Dismiss. Plaintiffs argue that the forum selection clause and the contract should not be enforced because they were procured by fraud. In the alternative, Plaintiffs argue that the forum selection clause should not be enforced because it is unfair and unreasonable. In addition, Plaintiffs allege that the evidence presented at the September 14, 1998, hearing was only with regard to the Writ of Possession and was not an adequate basis for granting MegaFlight's motion.

## Analysis

There are two primary issues before the Court on appeal: whether Plaintiffs are entitled to rescission of the contract and, if not, whether the forum selection clause should be rendered ineffective because it is unfair, unjust, or unreasonable. If the contract or the forum selection clause resulted from fraudulent inducement on the part of MegaFlight, Plaintiffs are not bound by the forum selection clause. If however, the contract was not the result of fraudulent inducement, Plaintiffs are bound by the forum selection clause unless the clause itself is unfair, unreasonable, and unjust.

For the following reasons, we find that MegaFlight did not fraudulently induce Plaintiffs with regard to the forum selection clause itself. However, MegaFlight did fraudulently induce Plaintiffs to enter the contract at the time of the closing. Therefore the forum selection clause should not be enforced. We find it unnecessary to address Plaintiffs' second issue regarding whether the forum selection clause was unreasonable, unfair, or unjust. We also find it unnecessary to address Plaintiffs' claim regarding the purpose of the hearing held on September 14, 1998. Regardless of the scope and purpose of the hearing, MegaFlight's motion should not have been granted.

## I. Fraudulent Inducement

Plaintiffs' seek rescission of the contract because MegaFlight allegedly fraudulently induced Plaintiffs into entering the contract and the forum selection clause. The five elements of an action for fraudulent inducement to contract are: (1) a false statement concerning a fact material to the transaction; (2) knowledge of the statement's falsity or utter disregard for its truth; (3) intent to induce reliance on the statement; (4) reliance under circumstances manifesting a reasonable right to rely on the statement; (5) an injury resulting from the reliance. *Lowe v. Gulf Coast Dev., Inc.,* No. 01–A–01–9010–CH–00374, 1991 WL 220576, at *7 (Tenn.App.Nov.1, 1991); *Fite ex rel. H & M Const. Co., Inc.*

*v. Fite,* 1999 WL 317102, at \*6 (Tenn.App. May 19, 1999).

## A. The forum selection clause

■ We will first address Plaintiffs' claim that the forum selection clause itself was the result of fraudulent inducement. Generally, a forum selection clause is enforceable and binding upon the parties. *Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 12, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972). The validity or invalidity of a forum selection clause depends upon whether it is fair and reasonable in light of all the surrounding circumstances attending its origin and application. *Dyersburg Machine Works, Inc. v. Rentenbach Engineering Co.,* 650 S.W.2d 378, 380 (Tenn.1983). A forum selection clause is invalid and unenforceable if it results from misrepresentation, duress, abuse of economic power, or other unconscionable means. *Id.* at 380.

■ Plaintiffs have failed to present any evidence indicating that the forum selection clause itself was procured by fraud, misrepresentation, duress, or any other unconscionable means. Plaintiffs are skilled businessmen who are well aware of the effect of such a clause. In addition, Plaintiffs were represented by counsel throughout the negotiations for the sale of Phoenix corporation to MegaFlight. Plaintiffs' attempt to show misrepresentation by MegaFlight is based solely on the conversation regarding Noel's whereabouts at the time of the closing. At this stage, the forum selection clause had already been agreed to by both parties. Whatever misrepresentation might have occurred, occurred after Plaintiffs had accepted the provisions in the forum selection clause. Therefore, the forum selection clause itself was not the result of fraudulent inducement.

## B. The contract

■ Plaintiffs also claim that the contract for the sale of Phoenix corporation was the result of MegaFlight's fraudulent inducement. One of the remedies available for fraudulent inducement is rescission of the contract. In addition, fraud in the underlying transaction renders a contract clause, such as the forum selection clause at issue here, unenforceable. *See Spurling v. Kirby Parkway Chiropractic, Inc.,* No. 02A01–9609–CH–00225, 1997 WL 756684 (Tenn.App. Dec.9, 1997). Therefore, if Plaintiffs were fraudulently induced into entering the contract with MegaFlight, Plaintiffs are not bound by the forum selection clause within the contract. Absent the forum selection clause, venue is proper in McNairy County, Tennessee, based on the negotiations that took place there as well as the actual execution and performance of the contract.[3]

Again, Plaintiffs rely primarily on the statement regarding Noel's whereabouts to support their claim of fraudulent inducement. Without a doubt, the actions and status of MegaFlight's president, Gilbert Noel, would have affected Plaintiffs' decision to finalize the contract negotiations. A corporate officer, particularly the corporate president, has significant impact on the company's reputation. In the business world, allegations such as those against Noel can greatly affect how the corporation is perceived. Noel's legal troubles center around money laundering and tax evasion allegations. These types of crimes

---

**3.** The Tennessee Long–Arm statute (Tenn. Code Ann. § 20–2–201) provides:

(a) Any corporation claiming existence under the laws of the United States or any other state or of any country foreign to the United States, or any business trust found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are by the laws thereof liable to be sued, so far as relates to any transaction had, in whole or in part, within this state or any cause of action arising here, but not otherwise.

(b) Any such corporation or trust having any transaction with persons or having any transaction concerning any property situated in this state, through any agency whatever acting for it within the state, shall be held to be doing business here within the meaning of this section.

**632**

lead to questions regarding not only Noel's honesty and integrity, but also the way he conducts business. Noel's alleged criminal activities, particularly when considered in light of MegaFlight's failure to provide the initial payment at the time of closing, would make any reasonable business person reconsider contracting with Noel. It most certainly would have affected Plaintiffs' decision to proceed with the contract for the sale of Phoenix to MegaFlight.

As explained above, Noel's incarceration is a material fact, existing at the time of closing, that was intentionally misrepresented by MegaFlight. The Plaintiffs reasonable relied on this misrepresentation and suffered injury. Therefore, we find that Plaintiffs were fraudulently induced into entering the contract. As such, the contract should be rescinded and the forum selection clause should be rendered invalid. Plaintiffs should be allowed to seek further relief in the McNairy County, Tennessee court.

### Conclusion

Based upon the foregoing, we reverse the trial court's grant of MegaFlight's Motion to Dismiss. This case is hereby remanded to the trial court for further proceedings. Costs on appeal are taxed to the appellee, MegaFlight, for which execution may issue, if necessary.

CRAWFORD, P.J., W.S., and LILLARD, J., concur.