IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 23, 2008 Session

### GARY FLANARY, on behalf of himself and all other similarly situated, v. CARL GREGORY DODGE OF JOHNSON CITY, L.L.C.

Direct Appeal from the Chancery Court for Washington County
No. 34497     Hon. G. Richard Johnson, Chancellor

No. E2007-01433-COA-R3-CV  - FILED JUNE 17, 2008

This action charged the defendant with engaging in unfair and deceptive practices in violation of the Tennessee Consumer Protection Act, and engaging in the unauthorized practice of law.  The Trial Court granted defendant summary judgment on the grounds that plaintiff failed to establish that he suffered a loss of money or property.  On appeal, we affirm the summary judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Gordon Ball, Knoxville, Tennessee, for appellant.

Linda J. Hamilton Mowles, Knoxville, Tennessee, for appellee.

**OPINION**

**BACKGROUND**

Plaintiff brought this action against defendant, alleging that he had purchased a vehicle from defendant and was charged certain amounts of money that were designated as "fees", but were rather additional profit for the defendant, and defendant was thus engaging in unfair and

deceptive practices in violation of the Tennessee Consumer Protection Act. Plaintiff sought to bring his action on his own behalf and on behalf of others similarly situated, and sought damages, declaratory and injunctive relief, and attorney's fees.

Defendant moved for Summary Judgment, asserting that plaintiff was required to submit his claims to binding arbitration, pursuant to the parties' agreement. The Trial Court ruled the arbitration agreement was not valid, but that this Court had dictated that arbitration agreements were to be enforced, and "reluctantly" granted the motion to compel arbitration.

Plaintiff filed an appeal, and this Court determined that there was a genuine issue of material fact as to whether there was mutuality with respect to the agreement to arbitrate, and defendant was not entitled to summary judgment on that issue.

On remand, defendant filed an Answer, denying any wrongdoing, and in response to plaintiff's Request for Admissions, admitted that it charged defendant a $349.00 fee when he purchased his vehicle that was labeled an "administrative fee", but denied that this was all profit, and denied that this was added to the price paid by every member of the proposed class.

## SUMMARY JUDGMENT

Defendant moved for Summary Judgment, and attached a copy of the sales agreement. The agreement shows the selling price of the vehicle, adds on various charges including the $349.00 administrative fee, subtracts the trade-in allowance, and then shows a balance due of $12,000.00. Defendant attached excerpts from plaintiff's deposition, wherein plaintiff admitted that he paid $12,000.00 for the vehicle, and this was what he agreed to pay and that he looked at the numbers on the agreement before he signed it. He admitted that he did not ask any questions about the administrative fee, and that the parties reached an agreement to trade in his vehicle, and that the dealer would add nerf bars and a hitch to the vehicle he was purchasing, and that he would pay $12,000.00 as additional consideration. He stated that he was only interested in the bottom line number, and that if it had been more than $12,000.00, he would not have taken the vehicle. Further, that no one at the defendant's dealership ever told him what the administrative fee was, because he had never inquired.

Defendant also attached excerpts from the deposition of Michael Collins, who testified that the administrative fee was often called a doc fee or processing fee, and was just a cost of doing business. He admitted that this was simply a fee that was charged to the customer that helped pay the overhead. Further, that the "ADM" charge listed on the sticker price of the vehicle was additional dealership markup.

Defendant also filed a Statement of Undisputed Material Facts, and stated that plaintiff agreed to pay $12,000.00 for the vehicle he purchased, and that this was what he was charged, and that the added fees did not increase what plaintiff agreed to pay. Also attached was a work sheet which plaintiff and the salesman completed, indicating plaintiff's agreement to pay

$12,000.00 "out the door" with the nerf bars installed.

The Trial Court entered an Order Granting Defendant's Motion for Summary Judgment, and plaintiff filed a Notice of Appeal.

## ISSUES ON APPEAL

Plaintiff's issue on appeal is "Whether the Trial Court erred in granting summary judgment in favor of defendant on all of plaintiff's claims?"

As this Court has often stated:

> A trial court should grant a motion for summary judgment only if the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn.1993). A fact is material if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd,* 847 S.W.2d at 211. To determine whether a genuine issue of material fact exists, "the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." Id. at 211. If a court determines either that a dispute exists as to any material fact or that any doubt exists as to the conclusions to be drawn from the facts, the movant's motion for summary judgment must be denied. Id. Likewise, where the record shows that there is no genuine issue as to any material fact, judgment for the moving party "shall be rendered forthwith." Tenn. R. Civ. P. 56.04.

*Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)

Plaintiff argues that the Trial Court erred in granting summary judgment on his claim that defendant violated the Tennessee Consumer Protection Act. To state a claim under the Act, plaintiff must show that defendant engaged in unfair or deceptive acts or practices and that the defendant's conduct caused an "ascertainable loss of money or property" to plaintiff. *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005). A deceptive act or practice has been defined as "one that causes or tends to cause a consumer to believe what is false or that misleads or tends to mislead a consumer as to a matter of fact." *Id.* This Court has stated that "an act or practice should not be deemed unfair 'unless the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition.'" *Id.*

In this case, plaintiff did not show injury by listing the additional fees on the sales agreement and the sticker of the vehicle. He testified that he negotiated an "out the door" price with the salesman for the vehicle, and that is evidenced by the work sheet that was filed with the Court.

He agreed to pay $12,000.00 between the vehicles, which is precisely what he paid. He testified that he agreed to the price for the vehicle, and thus did not question the charge listed as an "administrative fee" on the contract, but simply looked at the bottom line number. As such, there was no showing that plaintiff was injured or suffered an "ascertainable loss of money or property", as is required to state a claim under the TCPA. This issue is without merit.

Plaintiff also argues that the Trial Court erred in granting summary judgment on his claim that defendant engaged in the business of law, because defendant prepared legal documents, i.e., a power of attorney and an arbitration agreement, and charged for it as part of the overhead cost delineated as an administrative fee.

Regarding what constitutes the unauthorized practice of law in Tennessee, it has been explained:

> The Tennessee Supreme Court has held that "[t]he purpose of our statutes regulating the practice of law is to prevent the public's being preyed upon by those who, for valuable consideration, seek to perform services which require skill, training and character, without adequate qualifications." It has additionally adopted the following ethical consideration concerning the practice of law:

> It is neither necessary nor desirable to attempt the formulation of a single specific definition of what constitutes the practice of law. Functionally the practice of law relates to the rendition of services for others that call for the professional judgment of a lawyer. The essence of the professional judgment of the lawyer is his educated ability to relate the general body and philosophy of law to a specific legal problem of a client; and thus, the public interest will be better served if only lawyers are permitted to act in matters involving professional judgment. Where this professional judgment is not involved, non-lawyers, such as court clerks, police officers, abstracters, and many governmental employees, may engage in occupations that require a special knowledge of law in certain areas. But the services of a lawyer are essential in the public interest whenever the exercise of professional legal judgment is required.

> "[R]egulations proscribing the unauthorized practice of law are designed to protect 'the public from being advised and represented in legal matters by incompetent and unreliable persons over whom the judicial department could exercise little control.' " It is the court's responsibility to " 'regulate the practice of law and to restrain such practice by laymen in a common-sense way in order to protect primarily the interest of the public[.]' "

> Under those guidelines, the Tennessee Supreme Court has recently held that "[t]he preparation and filing of a complaint requires 'the professional judgment of a lawyer,' and is, therefore, the practice of law." Following that lead, the Tennessee Court of

Appeals subsequently determined that "the drafting of pleadings and legal documents or the selection and completion of form documents constitutes the practice of law." *Fifteenth Judicial Dist. Unified Bar Ass'n v. Glasgow*, No. M1995-00020-COA-R3-CV, 1999 Tenn. App. LEXIS 815, at *12-* 13, 1999 WL 1128847, at *4 (Tenn. Ct. App. Dec.10, 1999) (holding that "more than mere clerical work ... [and] not simply reducing [the] clients' words to writing or filling in blanks on preprinted forms at the specific direction of [the] clients" constitutes the unauthorized practice of law). In making its determination, the court of appeals acknowledged the following:

As a general matter, other courts have held that the sale of self-help kits or printed legal forms does not constitute the unauthorized practice of law as long as the seller provides the buyer no advice regarding which forms to use or how the forms should be filled out. Conversely, sellers who do advise customers on which forms to use and how to fill them out have been found to be engaging in the practice of law.

*Glasgow*, 1999 Tenn.App. LEXIS 815, at *9 n. 4, 1999 WL 1128847, at *3 n. 4 (internal citations omitted).

*In re Rose*, 314 B.R. 663, 703-704 (Bkrtcy. E.D. Tenn.,2004)(citations omitted).

In this case, the plaintiff's claim that defendant engaged in the unauthorized practice of business of law was not supported by proof that defendant did anything akin to advising or representing plaintiff in any capacity, nor that defendant did anything that would require the professional judgment of a lawyer. The simple act of filling in the blanks on form documents that have been prepared for a business use does not constitute the unauthorized practice of law. This issue is also without merit.

Next, plaintiff argues the Trial Court erred in granting summary judgment on his claim of intentional misrepresentation/fraudulent inducement, as the unexplained "administrative fee" and "ADM" charge were misrepresented to plaintiff as legitimate/non-negotiable charges. In order for plaintiff to proceed on a claim of fraud/misrepresentation, he or she must show damage/injury. *See Lamb v. Megaflight, Inc.,* 26 S.W.3d 627 (Tenn. Ct. App. 2000); *Metro Gov't v. McKinney*, 852 S.W.2d 233 (Tenn. Ct. App. 1992). Since plaintiff did not offer evidence that he was injured in this transaction, this claim also fails.

Finally, plaintiff seeks to proceed with a claim of unjust enrichment/money had and received (which plaintiff conceded are essentially the same cause of action), but plaintiff must show that defendant received a benefit, under circumstances rendering it inequitable to retain it . *Bennett v. Visa USA, Inc.,* 198 S.W.3d 747 (Tenn. Ct. App. 2006); *CPB Mgmt., Inc. v. Everly*, 939 S.W.2d 78 (Tenn. Ct. App. 1996). As we previously observed, the proof was undisputed that plaintiff paid a price for the vehicle that was his "out the door" figure, that is a bottom line price that plaintiff agreed to pay, and as such, he cannot show that defendant was unjustly enriched.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Gary Flanary.

_____
HERSCHEL PICKENS FRANKS, P.J.