IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 21, 2021 Session

## W. SCOTT JOHNSON v. TOMCAT USA, INC. ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 195295-3      Michael W. Moyers, Chancellor**

———————————————————

**No. E2021-00057-COA-R9-CV**

———————————————————

This interlocutory appeal concerns the trial court's refusal to enforce a forum selection clause contained in a stock bonus transfer agreement in this action arising out of the termination of the plaintiff's employment. The defendants filed a motion to dismiss for improper venue, citing the forum selection clause, which specified New York as the sole venue for litigating claims. The trial court denied the motion to dismiss. The defendants appeal. We affirm the decision of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KRISTI M. DAVIS, JJ., joined.

M. Edward Owens, Jr., Knoxville, Tennessee, for the appellants, Tomcat USA, Inc., Tomcat Global Corporation, Milos S.R.O., and Frantisek (Frank) Zykan.

W. Michael Baisley, Knoxville, Tennessee, for the appellee, William Scott Johnson.

## OPINION

### I. BACKGROUND

In 2011, W. Scott Johnson was hired by Tomcat USA, LLC ("the Company"), a Delaware corporation with its principal office and distribution center located in Knoxville. The Company is one of the world's leading fabricators of aluminum truss and structural components for the entertainment, audiovisual, exhibition, and worship industries. Mr. Johnson was promoted to the position of president of the Company in 2012. He later

obtained 150 shares of the Company pursuant to a Stock Bonus Transfer Agreement ("SBTA"). The remaining 850 shares are held by Tomcat Global,[1] which is owned and controlled by Frantisek Zykan.[2] The SBTA gave the Company the right to repurchase Mr. Johnson's shares at fair market value if his employment was terminated without cause. Upon resignation or termination for cause, the Company held the right to repurchase the shares at 50 percent of market value. After an October 2017 meeting with Mr. Zykan in Knoxville, Mr. Johnson's employment was terminated.

The Company offered to repurchase the shares at 50 percent of market value; Mr. Johnson refused the offer, observing that his termination was without cause. He then filed this complaint against the Company, Tomcat Global, Mr. Zykan, and Milos CZ SRO ("MILOS") (collectively "Defendants").[3] Mr. Johnson alleged that Mr. Zykan fired him and Bill Berrier, the chief financial officer and controller of the Company, after they questioned several inter-company transactions. According to Mr. Johnson, Mr. Zykan ordered the Company to purchase inventory from MILOS when the items were not needed or wanted. He claimed that Mr. Zykan also invoiced the Company for management fees, for which the Company received nothing in return. Mr. Johnson perceived Mr. Zykan's conduct to be a form of embezzlement, resulting in the misappropriation and diversion of Tomcat USA's profits to the other entities owned by Mr. Zykan. Mr. Johnson believes that he was terminated because he repeatedly voiced his objections to Mr. Zykan regarding the forced purchases of inventory and the management fees being charged to the Company.

Defendants filed a motion to dismiss, alleging, *inter alia*, that a forum selection clause in the SBTA required the filing of the complaint in New York because the claims arose from or related to Mr. Johnson's ownership of the shares in the Company. The SBTA provides, in pertinent part, as follows:

> **Section 11.  Governing Law and Jurisdiction**. This Agreement and all acts and transactions pursuant hereto and the rights and obligations of the Parties hereto shall be governed, construed, and interpreted in accordance with the domestic laws of the State of New York, without giving effect to any choice of law or conflict of law provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any

---

[1] Tomcat Global's principal office is in Midland, Texas.

[2] Mr. Zykan is a resident of the Czech Republic. He is the statutory executive and chief executive officer of Milos CZ SRO, a limited liability company organized under the laws of the Czech Republic.

[3] The original complaint contained the following counts: 1) Tortious Interference/Inducement of Breach of Contract; 2) Conversion; 3) Unjust Enrichment; 4) Corporate Waste; 5) Breach of Fiduciary Duties; 6) Accounting; 7 & 8) Declaratory Judgment; 9) Defamation; and 10) Injunction. Prior to the court's ruling on the motion to dismiss, the claim for defamation was nonsuited.

jurisdiction other than the State of New York. To the extent permitted by law, each of the Parties hereto hereby irrevocably submits to the exclusive jurisdiction of any state court or United States federal court, in either case sitting in the State of New York, over any Claim brought by any party arising out of or relating to this Agreement, and each of the Parties hereto hereby irrevocably agrees that all claims with respect to any such suit, action or other proceeding shall be heard and determined in such court.

The trial court denied the motion to dismiss, holding that the claims raised were tangential to the SBTA, that New York was a *forum non conveniens*, and that the clause itself was arbitrary as there were essentially no contacts between either party and New York. The court's order stated as follows:

The Court finds itself in agreement with the Plaintiff[] regarding the forum selection clause. Although such clauses are generally honored, they may be set aside where the chosen forum bears no substantial relationship to the underlying claims. The Court is convinced that such is the case here…. Additionally, the totality of the allegations convinces the Court that New York would be a *forum non conveniens*. Additionally, it does appear that the claims asserted are in the main tangential to the SBTA. For these reasons the Court will not enforce the forum selection clause of the SBTA and the Defendants' Motion to Dismiss on that ground is overruled.

After a hearing on Defendants' motion for permission to file an interlocutory appeal, the trial court certified its ruling as final and granted permission to pursue the appeal. We granted the Rule 9 application.

## II. ISSUE

The issue certified by this court for review in this interlocutory appeal is as follows:

Whether the trial court erred in refusing to enforce the forum selection clause contained in Section 11 of the Stock Bonus Transfer Agreement.

## III. STANDARD OF REVIEW

In this case, the trial court denied Defendants' motion to dismiss based upon a forum selection clause. In considering an appeal from a trial court's ruling on a motion to dismiss, we take all allegations of fact in the complaint as true and review the trial court's legal conclusions de novo with no presumption of correctness. *Mid–South Industries, Inc. v.*

- 3 -

*Martin Mach. & Tool, Inc.,* 342 S.W.3d 19, 27 (Tenn. Ct. App. 2010) (citing *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996)); *see also Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.,* 418 S.W.3d 547, 553 (Tenn. 2013) (citing *Graham v. Caples*, 325 S.W.3d 578, 581 (Tenn. 2010)) ("The trial court's denial of [d]efendants' motions to dismiss involves a question of law, and, therefore, our review is de novo with no presumption of correctness.").

## IV. DISCUSSION

Both parties appear to agree that Tennessee law should govern the question of whether the trial court erred in declining to enforce the forum selection clause.

Mr. Johnson contends that the clause does not apply to his claims because they do not arise out of or relate to the SBTA, the scope of which concerns the setting of restrictions on subsequent registration or transfer of his bonus shares. He explains that the SBTA is not an employment agreement and does not govern the internal affairs of the Company or similar matters, e.g., Mr. Zykan's misconduct. He notes that each claim may be adjudicated without interpreting or applying the SBTA. Mr. Johnson provides that the majority of his claims are directed toward Mr. Zykan's misconduct as the controlling shareholder and sole director of the Company. He further claims that the forum selection clause should not be enforced under Tennessee law when New York is a substantially less convenient and impractical forum for all parties involved, as well as any key witnesses. He asserts that Mr. Zykan himself holds extensive contacts in Tennessee, specifically Knoxville, where he continues to maintain the Company's principal office. Mr. Johnson questions whether New York would even exercise personal jurisdiction over Mr. Zykan, individually, or MILOS, a company organized under the laws of the Czech Republic with contacts in Tennessee.

Defendants claim that the forum selection clause is valid under Tennessee law because it is fair and reasonable pursuant to the following factors presented in *Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378, 380 (Tenn. 1983):

> (1) whether a plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action; (2) whether the other state would be a substantially less convenient place for the trial of the action than this state; (3) whether the agreement as to the place of the action was obtained by misrepresentation, duress, abuse of economic power or other unconscionable means; and (4) whether it would for some other reason be unfair or unreasonable to enforce the agreement.

Defendants assert that Mr. Johnson cannot argue that he is unable to secure relief in New York or that the clause was obtained under duress or other unconscionable means, leaving

- 4 -

only the reasonableness and convenience factors for our consideration. They suggest that failure to enforce the clause due to the inconvenience of one party is unfair and inequitable and that mere inconvenience does not render the clause unreasonable. Defendants note that the existence of the clause in the SBTA illustrates that the parties, sophisticated in business matters and having the benefit of legal counsel, contemplated the shared inconvenience of the forum selected but chose it nonetheless.

Generally, a forum selection clause is enforceable and binding on the parties entering into the contract. *Lamb v. MegaFlight, Inc.*, 26 S.W.3d 627, 631 (Tenn. Ct. App. 2000). It will be upheld if it is fair and reasonable in light of all the circumstances surrounding its origin and application. *Id.* (citing *Dyersburg Mach. Works*, 650 S.W.2d at 380). Tennessee law is clear, however, that the party challenging the enforcement of the forum selection clause "should bear a heavy burden of proof." *Chaffin v. Norwegian Cruise Line Ltd.*, No. 02A01-9803-CH-00080, 1999 WL 188295, at *4 (Tenn. Ct. App. Apr. 7, 1999).

We agree with Mr. Johnson and the trial court that, with respect to the second *Dyersburg Mach. Works* factor, New York is a substantially less convenient place to hold this lawsuit. A "party resisting a forum selection clause must show more than inconvenience or annoyance[.]" *ESI Cos., Inc. v. Ray Bell Constr. Co.*, No. W2007-00220-COA-R3-CV, 2008 WL 544563, at *7 (Tenn. Ct. App. Feb. 29, 2008). As we observed in *Blackwell v. Sky High Sports Nashville Operations, LLC*, 523 S.W.3d 624, 631 (Tenn. Ct. App. 2017), "the Tennessee Supreme Court has previously held that where neither company at issue was a resident of the proposed forum and none of the witnesses were residents of the proposed forum, the party resisting a forum selection clause had met its burden to show that the proposed forum was a substantially less convenient forum." *See Dyersburg Mach. Works*, 650 S.W.2d at 381 (holding that the second factor was met because the chosen forum of Kentucky was "a substantially less convenient place for trial ... wherein all witnesses are Tennessee residents, the plaintiffs and the defendants ... are Tennessee corporations"). In this case, Mr. Johnson is a Tennessee resident and the disputed matters occurred in Tennessee. None of the prospective witnesses are New York residents. The Company is not a New York corporation and does not have its principal place of business in New York. Rather, the Company's headquarters is in Tennessee. Accordingly, we hold that Mr. Johnson has met his burden to show that New York presents a substantially less convenient forum than Tennessee.

We acknowledge that Defendants argue that Mr. Johnson raises the issue regarding whether he was terminated with or without cause primarily in relation to his claims concerning the price to be paid for the stock. We find, however, that the forum selection clause does not apply because the crux of Mr. Johnson's complaint does not concern the SBTA but rather the alleged wrongdoings of Mr. Zykan. In our view, whether Mr. Johnson was terminated with or without cause is a tangential issue to the claims made in the complaint.

## V. CONCLUSION

The trial court's decision to decline enforcement of the forum selection clause is affirmed, and this case is remanded to the trial court for the collection of costs and such other action as may be appropriate. The costs of this appeal are taxed and assessed against the appellants, Tomcat USA, Inc., Tomcat Global Corporation, Milos S.R.O., and Frantisek (Frank) Zykan.

_____
JOHN W. MCCLARTY, JUDGE