IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 9, 2005 Session

## DONNA J. OVERMAN v. ALTAMA DELTA CORPORATION

**Appeal by Permission from the Chancery Court for Henderson County**
**No. 18722     James F. Butler, Chancellor**

---

**No. W2005-00794-SC-R9-CV - Filed March 16, 2006**

---

We accepted this interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure to determine the enforceability of the employee's prospective waiver of her reconsideration rights in a workers' compensation settlement agreement. We conclude that the waiver provision is contrary to both the plain language of Tennessee Code Annotated section 50-6-114(a) and public policy and, therefore, is unenforceable. Accordingly, we affirm the judgment of the trial court as modified and remand the case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Chancery Court Affirmed as Modified; Remanded**

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and CORNELIA A. CLARK, JJ., joined. WILLIAM M. BARKER, C.J., filed a dissenting opinion.

Robert Joseph Leibovich, Memphis, Tennessee, for the Appellant-Defendant, Altama Delta Corporation.

Bradley G. Kirk, Lexington, Tennessee, for the Appellee-Plaintiff, Donna J. Overman.

### OPINION

On March 25, 2004, the trial court approved a final settlement in a workers' compensation action between the plaintiff, Donna Overman ("Overman"), and the defendant, Altama Delta Corporation ("Altama Delta"), for injuries that Overman incurred in the course and scope of her employment. The settlement order included a conditional waiver of Overman's reconsideration rights. The provision provides that:

in the event the Plaintiff or anyone acting on the Plaintiff's behalf, seeks to set aside, modify, amend, reconsider, or change any aspect of the settlement agreement set

forth in this order, the Plaintiff agrees to, and is hereby ordered to, immediately return or pay back to the Defendants all settlement proceeds paid to the Plaintiff under this order prior to any hearing or further proceedings relating to the effort to set aside, modify, amend, reconsider or change any aspect of this settlement.

Overman received a lump sum of $67,500.00 after the entry of the settlement order. On May 7, 2004, Altama Delta terminated Overman's employment after she apparently declined another position that fit within her medical restrictions.

On August 30, 2004, Overman filed a complaint seeking reconsideration of her workers' compensation settlement. Overman did not return the settlement proceeds to Altama Delta in accordance with the waiver provision of the settlement agreement. Altama Delta filed a motion to dismiss the complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. The trial court denied the motion and found that the waiver provision was unenforceable due to Altama Delta's failure to provide Overman with adequate consideration to support the waiver provision.

The parties filed a joint motion for permission to file an interlocutory appeal. The trial court granted the motion. We subsequently granted review of the interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

## ANALYSIS

The Workers' Compensation Law limits an employee's permanent partial disability award for particular injuries, with the level of the limitation dependent upon whether the pre-injury employer returns the employee to work at a wage greater than or equal to the employee's pre-injury wage. See Tenn. Code Ann. § 50-6-241(a)(1), (b), (d)(1)(A), (d)(2)(A) (2005). For injuries occurring prior to July 1, 2004, the maximum award is limited to two and one-half times the employee's medical impairment rating if the employee returns to work at a greater or equal wage. Id. at (a)(1).[1] The maximum award for an employee who has not returned to work at a greater or equal wage is six times the medical impairment rating. Id. at (b).

An employee whose benefits were limited to two and one-half times the medical impairment rating has a statutory right to seek reconsideration of the award if the employee loses his or her employment with the pre-injury employer within 400 weeks of the day the employee returned to work. Id. at (a)(2);[2] see also Brewer v. Lincoln Brass Works, Inc., 991 S.W.2d 226, 228-30 (Tenn.

---

[1] For injuries occurring on or after July 1, 2004, the maximum award is limited to one and one-half times the employee's medical impairment rating. Tenn. Code Ann. § 50-6-241(d)(1)(A) (2005).

[2] Tennessee Code Annotated section 50-6-241(a)(2) (2005) provides in pertinent part that:

the courts may reconsider, upon the filing of a new cause of action, the issue of industrial disability. Such reconsideration shall examine all pertinent factors, including lay and expert testimony,

(continued...)

-2-

1999) (permitting reconsideration where the original workers' compensation award sought to be enlarged was paid in lump sum). We, therefore, must determine the validity of the prospective waiver of an employee's statutory reconsideration rights.

The interested parties in a workers' compensation case have "the right to settle all matters of compensation between themselves." Tenn. Code Ann. § 50-6-206(a)(1) (2005). Tennessee Code Annotated section 50-6-114(a), however, provides that "[n]o contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this chapter, except as provided in subsection (b)," which relates to offsets from an employer-funded disability plan.

The legislature has enacted additional provisions permitting an employee who suffers from specific illnesses to waive the right to certain workers' compensation benefits. See, e.g., Tenn. Code Ann. §§ 50-6-213(a) (2005) (epileptics); 50-6-307(a) (2005) (occupational diseases); 50-6-307(b) (2005) (heart conditions). The Workers' Compensation Law, however, does not contain a provision approving waivers of employees' reconsideration rights.[3]

The settlement agreement in the present case falls within Tennessee Code Annotated section 50-6-114(a) as a "contract or agreement . . . or other device." The waiver provision contained in the settlement agreement effectively relieves Altama Delta of a portion of its obligations under the Workers' Compensation Law. The waiver provision, therefore, is invalid under the plain language of section 50-6-114(a). See Perrin v. Gaylord Entm't Co., 120 S.W.3d 823, 826 (Tenn. 2003) (requiring courts to apply a statute's unambiguous terms in accordance with its plain and ordinary meaning).

Furthermore, enforcement of the prospective waiver provision would thwart the policy underlying an employee's right to seek reconsideration of workers' compensation benefits. See, e.g., Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 704 (1945) (holding that waiver of a statutory right is invalid where such waiver is contrary to the legislative policy it was designed to effectuate). We have recognized an interest in ensuring that an employer has not contemplated a discharge previously, decided to temporarily retain the employee as a means to benefit from the statutory cap, and then discharge the employee who has received workers' compensation benefits. Hardin v. Royal & Sunalliance Ins., 104 S.W.3d 501, 506 (Tenn. 2003). Tennessee Code Annotated section 50-6-241(a)(2) was enacted "to promote uniformity in workers' compensation awards and to protect

---

[2](...continued)
employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition. Such reconsideration may be made in appropriate cases where the employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work.

[3] To the contrary, the legislature has clarified that employees who are injured on or after July 1, 2004, are prohibited from waiving their reconsideration rights. Tenn. Code Ann. § 50-6-241(d)(1)(B)(v) (2005).

-3-

a worker whose benefits were capped by the statute from being employed only long enough for the employer to reap the benefits of the statutory cap." Id. at 505.

Settlements providing for the prospective waiver of an employee's reconsideration rights create a disincentive for the employer to continue to employ the injured employee after approval of the settlement agreement. See Cange v. Stotler & Co., 826 F.2d 581, 595 n.11 (7th Cir. 1987) (recognizing that "prospective waivers of statutory rights tend to encourage violations of the law by notifying the wrongdoer in advance that he or she can act with impunity"). Accordingly, we conclude that the waiver provision in the settlement agreement is unenforceable.[4]

## CONCLUSION

We conclude that the waiver provision in the settlement agreement is contrary to both the plain language of Tennessee Code Annotated section 50-6-114(a) and public policy and, therefore, is unenforceable. Accordingly, we affirm the judgment of the trial court as modified, and we remand the case to the trial court for further proceedings consistent with this opinion.

Costs of appeal are taxed to the appellant, Altama Delta Corporation, and its surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

---

[4] The trial court found that the waiver provision was unenforceable due to Altama Delta's failure to provide Overman with adequate consideration. We conclude, however, that the record clearly demonstrates that Altama provided adequate consideration to support the waiver provision.

-4-