

**FILED**
**Dec 21, 2018**
**12:47 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
## (HEARD NOVEMBER 27, 2018, AT KNOXVILLE)

| | | |
|---|---|---|
| Fred Travis, III | ) | Docket No.  2018-03-0237 |
| | ) | |
| v. | ) | State File No. 14934-2018 |
| | ) | |
| Carter Express, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

---

### Affirmed in Part, Vacated in Part, and Remanded
### Filed December 21, 2018

---

In this interlocutory appeal, the employee, a truck driver, alleged he sustained an injury to his right shoulder while opening a trailer door within the course of his employment.  The employer denied the claim for Tennessee workers' compensation benefits, asserting the employee had, as a condition of his employment, entered into a binding agreement to file any workers' compensation claims in the State of Indiana.  The employer further alleged the employee's shoulder condition did not primarily arise out of his employment, and/or the employee did not credibly report any specific incident or set of incidents resulting in an injury.  Following an expedited hearing, the trial court determined: (1) the employee could not prospectively waive his right to seek workers' compensation benefits in Tennessee as a condition of employment; (2) the employee can seek benefits under Tennessee law; (3) the employee was likely to prevail at trial in proving a compensable injury; (4) the employee was entitled to both medical and temporary disability benefits; and (5) the employer's failure to initiate benefits was wrongful as contemplated in Tennessee Code Annotated section 50-6-226(d)(1)(B), thus entitling the employee to an award of attorneys' fees and costs in an amount to be determined at a later time.  The employer has appealed.  We affirm in part and vacate in part the trial court's decision, and we remand the case.

Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, joined.  Judge David F. Hensley concurred separately.

J. Allen Brown, Nashville, Tennessee, for the employer-appellant, Carter Express, Inc.

1

Brad C. Burnette, Clinton, Tennessee, for the employee-appellee, Fred Travis, III

**Factual and Procedural Background**

Fred Travis, III ("Employee"), a 40-year-old resident of Anderson County, Tennessee, worked as a truck driver for Carter Express, Inc. ("Employer"). In early November 2017, while on a multi-state delivery route originating and terminating in Andersonville, Tennessee, Employee began to experience pain and other symptoms in his right shoulder. He described an incident late on November 2, 2017, in which he felt stiffness and a dull pain in his right shoulder after climbing under the truck and trailer to make sure a connecting pin was locked. He described a second incident in the early morning hours of November 3, 2017, in which he felt a sharp pain in his right shoulder as he opened, lifted, and swung a trailer door back to pin it against the side of the trailer. He further alleged his symptoms worsened during the course of the trip in Arkansas and Tennessee. He reported the incident to his employer on November 4 and sought medical treatment that day. He did not return to work for Employer.

At an expedited hearing, Employer maintained it did not owe workers' compensation benefits in Tennessee. First, it asserted Employee had waived his right to pursue workers' compensation benefits in Tennessee by voluntarily signing an agreement as a condition of his employment entitled "Agreement as to Jurisdiction and Notice as to Indiana Workers' Compensation Law," dated July 7, 2015. This agreement stated that "any and all workers' compensation claims that you may have arising out of this employment . . . will be governed exclusively by the law of the State of Indiana."

Moreover, Employer argued Employee failed to sufficiently allege a specific incident or set of incidents resulting in an injury. In support of this argument, it relied on a November 4, 2017 medical record from Fast Pace Urgent Care Clinic in which Employee allegedly told the medical provider he was "not sure what he ha[d] done." Specifically, the medical provider noted there was "no known injury but [patient] states he drives an 18 wheeler locally and thinks this may be related to getting in and out of the cab of the truck or loading truck." Employee also denied to this provider he had suffered any prior injury to his right shoulder. In addition, when Employee saw an orthopedic physician, Dr. Sean Grace, on December 13, 2017, he told Dr. Grace he "felt a sharp pain in his upper arm and shoulder area" after "lifting the trailer door" on November 3, 2017, and reported "no prior history of significant right shoulder injury in the past." Employer asserted Employee's allegations lacked credibility because he changed his story regarding how the injury took place, and he failed to inform his medical providers of a prior shoulder injury in 2004 when he was working for another employer.

Following the expedited hearing, at which Employee sought both medical and temporary disability benefits, the trial court determined: (1) Employer's effort to secure what was, in effect, a waiver of Employee's rights under the Tennessee Workers'

2

Compensation Law violated Tennessee Code Annotated section 50-6-114(a) and was ineffective; (2) Employee, a Tennessee resident whose contract of hire was made in Tennessee, could seek Tennessee workers' compensation benefits pursuant to Tennessee Code Annotated section 50-6-115(b)(2); (3) Employee came forward with sufficient evidence at the expedited hearing to support a finding he was likely to prevail at trial in establishing a compensable injury to his right shoulder; (4) Employer must initiate both temporary disability and medical benefits; and (5) Employer's denial of Employee's claim was wrongful as provided in Tennessee Code Annotated section 50-6-226(d)(1)(B), thus entitling Employee to an award of attorneys' fees and costs, the amount of which would be determined at a later time. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).[1]

## Analysis

Employer identifies three issues on appeal: (1) "whether Employee, in advance, knowingly elected Indiana workers' compensation benefits"; (2) "whether [E]mployee's claim arose out of employment or was in the course of employment"; and (3) "whether

---

[1] Employee relies on Tennessee Code Annotated section 50-6-217(a)(3) (repealed 2017), incorrectly cited as Tennessee Code Annotated section 50-6-239(c)(7), in support of his position on appeal. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have observed on numerous occasions, this code section was repealed effective May 9, 2017. *See, e.g.*, *Miller v. Logan's Roadhouse*, Inc., No. 2018-06-0225, 2018 TN Wrk. Comp. App. Bd. LEXIS 59, at *7 (Tenn. Workers' Comp. App. Bd. Nov. 15, 2018).

[E]mployee should be permitted to recover his attorney[s'] fees under these circumstances."

*Election of Remedies/Forum Selection Clause*

*A.*

This case presents an important issue of first impression; namely, whether a forum selection agreement between an employer and employee executed in advance of an employee's injury is binding. The trial court answered in the negative. We agree.

We begin by noting that, in Tennessee, an employee can waive his or her right to pursue workers' compensation benefits under Tennessee law in circumstances where the employee elects to pursue benefits under the laws of another state. *See, e.g.*, *Bradshaw v. Old Republic Ins. Co.*, 922 S.W.2d 503, 504 (Tenn. 1996); *Tidwell v. Chattanooga Boiler and Tank Co.*, 43 S.W.2d 221, 223 (Tenn. 1931). In order to make such an election, the employee must have "(a) affirmatively acted to obtain benefits in another state; or (b) knowingly and voluntarily accepted benefits under the law of another state." *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004).

Forum selection clauses, in which parties to a contract agree in advance to a particular jurisdiction for the resolution of legal disputes that may occur in the future, have been found valid and binding in Tennessee outside the workers' compensation context when they are "fair and reasonable in light of all the surrounding circumstances attending their origin and application." *Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378, 380 (Tenn. 1983). In *Dyersburg*, the Tennessee Supreme Court cited the Model Choice of Forum Act, which provides that an unselected court must give effect to a forum selection clause and refuse to entertain the action unless:

> (1) the plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action; (2) or the other state would be a substantially less convenient place for the trial of the action than this state; (3) or the agreement as to the place of the action was obtained by misrepresentation, duress, abuse of economic power, or other unconscionable means; (4) or it would for some other reason be unfair or unreasonable to enforce the agreement.

*Id.* The Supreme Court then concluded, "courts of this state should give consideration to the above mentioned factors and any others which bear upon the fundamental fairness of enforcing such a forum selection clause, and should enforce such a clause unless the party opposing enforcement demonstrates that it would be unfair and inequitable to do so." *Id.*

4

However, the validity of a forum selection clause executed in advance of an injury in a workers' compensation case is more complicated. Tennessee's workers' compensation law prohibits any "contract or agreement, written or implied, or rule, regulation, or other device, [which] shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this chapter." Tenn. Code Ann. § 50-6-114(a) (2018). Employee argues that this statute prohibits the type of forum selection clause used by Employer in this case. Employer argues, on the other hand, that the election of remedies doctrine supplants section 50-6-114(a) to the extent that a party can knowingly and willingly choose a forum to pursue a claim for workers' compensation benefits.[2] Employer relies on *Perkins v. BE & K, Inc.*, 802 S.W.2d 215 (Tenn. 1990), in which the employee signed an "Agreement for Compensation" after the work injury to receive workers' compensation benefits in Virginia, then later attempted to pursue benefits in Tennessee. The Tennessee Supreme Court affirmed summary judgment in favor of the employer, reasoning, in part, that the employee had taken "affirmative action to obtain benefits" in another state. *Id.* at 217. Employer urges us to conclude that it is irrelevant whether an agreement to pursue workers' compensation benefits in another state is entered into before or after the date of injury, as either can constitute a binding election of remedies.

Although the issue of prospective forum selection in workers' compensation cases is one of first impression in Tennessee, other cases are instructive. For example, in *Maggart v. Almany Realtors, Inc.*, No. M2005-02532-COA-R3-CV, 2007 Tenn. App. LEXIS 482 (Tenn. Ct. App. July 26, 2007), the employee of a small company with only three employees was injured when a filing cabinet fell on her. One month before the injury, the employee had signed a document that purported to release the company from any liability in the event of a work-related injury. *Id.* at *3. In addressing the validity of this agreement, the Tennessee Court of Appeals explained, "it is a comprehensive exculpatory agreement between an employer and employee; therefore, as a matter of law, it is void as against public policy because it purports to exonerate the employer from any and all prospective liability for an injury the employee may sustain in the performance of her service to the employer." *Id.* at *9. Citing Tennessee Code Annotated section 50-6-114(a), the Court of Appeals concluded, "exculpatory clauses such as the one at issue are expressly prohibited under the [Workers' Compensation] Act." *Id.* at *11.

In another case, *Overman v. Altama Delta Corp.*, 193 S.W.3d 540 (Tenn. 2006), the employer entered into a settlement agreement with an injured worker that included language requiring the employee to return all settlement proceeds in the event the employee attempted to "set aside, modify, amend, reconsider or change any aspect of this settlement." *Id.* at 541. When the employee filed a petition asking for reconsideration of her award of permanently disability benefits, which was allowed under then-existing law,

---

[2] In general, the election of remedies doctrine bars a litigant from pursuing a remedy inconsistent with another remedy already pursued. *See* Black's Law Dictionary, 10th ed. (2014).

the employee refused to return the settlement proceeds. *Id.* In addressing this issue, the Tennessee Supreme Court explained, "[t]he waiver provision contained in the settlement agreement effectively relieves [the employer] of a portion of its obligation under the Workers' Compensation Law. The waiver provision, therefore, is invalid under the plain language of section 50-6-114(a)." *Id.* at 542.

Other jurisdictions have addressed the validity of prospective forum selection clauses in workers' compensation cases, and the vast majority of them with statutes similar to section 50-6-114(a) have declined to enforce such agreements. For example, in a Pennsylvania case, *McIlvaine Trucking v. Workers' Compensation Appeals Board*, 810 A.2d 1280, 1281 (Pa. 2002), the employer and employee entered into an employment contract that required the employee to pursue any claim for workers' compensation benefits in West Virginia. Following his work injury, the employee pursued benefits in Pennsylvania. *Id.* On appeal, the Pennsylvania Workers' Compensation Appeals Board concluded that parties to an employment contract "may not agree to confer jurisdiction outside of Pennsylvania where jurisdiction would otherwise lie in Pennsylvania." *Id.* at 1282. The Pennsylvania Supreme Court agreed, concluding that its statute "does not permit parties by agreement to overcome the Act's coverage pertaining to a subsequent, in-state injury." *Id.* at 1286. It further reasoned, "in [the] absence of an express and pertinent statutory exception, [the lower courts] did not err in refusing to give effect to the parties' choice-of-law agreement." *Id.*

In a Maryland case, *Pro-Football, Inc. v. Tupa*, 14 A.3d 678 (Md. Ct. App. 2011), a punter for the Washington Redskins alleged a work injury and pursued workers' compensation benefits in Maryland. As part of his employment contract, the employee had agreed that any "dispute, claim or cause of action" arising out of his employment would be resolved under the laws of the State of Virginia. *Id.* at 684. In analyzing the validity of this forum selection clause, the Maryland Court of Appeals first noted that, under Maryland's workers' compensation laws, an employer and employee "may not by agreement, rule, or regulation: (i) exempt the covered employee or an employer of a covered employee from a duty . . . under this title; or (ii) waive a right of the covered employee or the employer under this title." *Id.* at 685. In rejecting the application of the forum selection clause in the context of the employee's workers' compensation claim, the Maryland Court of Appeals concluded, "the forum selection clause in [the employee's] contract would contravene Maryland's public policy." *Id.* at 686.

Similarly, in *Kacur v. Employers Mutual Casualty Co.*, 254 A.2d 156 (Md. Ct. App. 1969), the Maryland Court of Appeals cited with favor Professor Larson's treatise on workers' compensation law:

> Express agreement between employer and employee that the statute of a named state shall apply is ineffective either to enlarge the applicability of that state's statute or to diminish the applicability of the statutes of other

states. Whatever the rule may be as to questions involving commercial paper, interest, usury and the like, the rule in work[ers'] compensation is dictated by the overriding consideration that compensation is not a private matter to be arranged between two parties; the public has a profound interest in the matter which cannot be altered by any individual agreements. This is most obvious when such an agreement purports to destroy jurisdiction where it otherwise exists; practically every statute has emphatic prohibitions against cutting down rights or benefits by contract. The only exception occurs under several statutes which explicitly permit the parties to agree that the local statute shall not apply to out-of-state injuries.

*Id.* at 161 (quoting Larson's Workers' Compensation Law, vol. 3, § 87.71, at 395). A number of other jurisdictions have likewise refused to enforce such agreements. *See, e.g.*, *Swenson v. Nickaboine*, 793 N.W.2d 738 (Minn. 2011); *McElroy Truck Lines, Inc. v. Pohopek*, 826 A.2d 474 (Md. 2003); *Neff, Inc. v. Workers' Compensation Appeals Bd.*, 624 A.2d 727 (Pa. 1993); *Jenkins v. Sal Chem. Co.*, 280 S.E.2d 243 (W. Va. 1981); *Giltner v. Commodore Contract Carriers*, 513 P.2d 541 (Or. 1973); *Gotkin v. Weinberg*, 66 A.2d 438 (N.J. 1949); *Alaska Packers Ass'n v. Indus. Accident Comm'n*, 34 P.2d 716 (Cal. 1934).

While most courts addressing the issue have struck down forum selection agreements in the workers' compensation context, at least one state has apparently taken a different approach. In a Missouri case, for example, a forum selection clause in an employment contract was upheld, and the employee was required to seek benefits in Wyoming, where the injury occurred. *See Woodward v. J.J. Grier Co.*, 270 S.W.2d 155 (Mo. Ct. App. 1954).

*B.*

Against this backdrop, we return to the case before us. Employer, as a condition of employment, presented Employee with hiring paperwork that sought to compel Employee to pursue any claim for workers' compensation benefits under the laws of the State of Indiana. Employer now argues that this agreement, signed over two years before the work injury, constituted a prospective election of remedies that prevents Employee from seeking benefits under Tennessee law. We disagree.

First, we conclude the agreement signed by Employee constitutes an exculpatory agreement that, as a matter of law, is void as against public policy, consistent with *Maggart*, 2007 Tenn. App. LEXIS 482, at *9. Second, we conclude the agreement was an attempt to relieve Employer of its obligations under the Tennessee Workers' Compensation Law, which is expressly prohibited by Tennessee Code Annotated section 50-6-114(a). *See Overman*, 193 S.W.3d at 542. Third, it is incongruous for Employer to argue that Employee made a knowing and willful election of remedies in circumstances

where it denied Employee's claim and paid no benefits of any kind pursuant to the workers' compensation laws of Indiana, Tennessee, or any other state. Fourth, there is no proof in the record that an Indiana tribunal would even exercise jurisdiction over a Tennessee employee's claim arising from an accident occurring in Tennessee or Arkansas. Finally, Employer offered no evidence that Employee "(a) affirmatively acted to obtain benefits in another state; or (b) knowingly and voluntarily accepted benefits under the law of another state." *Eadie*, 142 S.W.3d at 291. In short, a prospective agreement signed over two years before the work injury that, in effect, compelled Employee to waive any claim he may have under the Tennessee Workers' Compensation Law does not constitute an affirmative act to pursue benefits for this injury in Indiana or a knowing and willful acceptance of Indiana benefits. Therefore, we conclude the forum selection clause is invalid, and we affirm the trial court's determination as to this issue.

*Arising Primarily out of and in the Course of Employment*

Next, Employer argues there is a "complete disconnect" between Employee's description of the mechanism of his injury and Dr. Grace's causation opinion. In support of this argument, Employer asserts Employee "never testified he lifted a trailer door." Our review of the hearing transcript reveals the following testimony:

> I climbed out of my truck after setting the brakes, walked to the back of the trailer, opened the doors, and this particular trailer did have a pretty stiff driver's side door that had been repaired in the past. I had to lean on it with pretty much my entire body weight to get it to where it would close far enough to latch to the side of the trailer.

This testimony was unrefuted. In a December 13, 2017 report from Tennessee Orthopedic Clinics, Employee explained he was "lifting the trailer door in the back and felt a sharp pain in his upper arm and shoulder area." In his January 5, 2018 report, Dr. Grace diagnosed a SLAP tear and concluded, "in my medical opinion his right shoulder injury is directly related to the incident that occurred at work as he described."

At an expedited hearing, the employee need not establish every essential element of the claim by a preponderance of the evidence. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, consistent with Tennessee Code Annotated section 50-6-239, the employee must come forward with sufficient poof to establish he or she "would likely prevail" on the issue at trial. *Id.* We have previously concluded that this standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v.*

8

*Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

In the present case, Employee offered unrefuted testimony that he was experiencing no shoulder pain prior to leaving on his work-related trip on November 2, 2017. He testified he was working full time and had not missed any work due to shoulder pain prior to that trip. He further testified he experienced a "dull stiffness" in his shoulder after completing his pre-trip inspection, during which he climbed under the truck and trailer to make sure a connecting pin was locked. He stated that he experienced a "sharp pain" in his shoulder the following day as he was opening a trailer door and pushing it back "with pretty much [his] whole body weight" to latch it to the side of the trailer. Employer offered nothing to contradict this testimony other than to question the consistency of Employee's various descriptions of the events and show Employee had previously experienced a shoulder injury in 2004 while working for another employer. However, Employee testified, again without contradiction, that he was placed on light duty restrictions for several weeks following that 2004 accident, never missed any work, attended "a few doctors' appointments," and received no disability benefits as a result of that incident. He denied experiencing any ongoing shoulder symptoms related to that accident and testified he "got back to 100 percent."

The trial court concluded Employee was credible in his testimony. We give deference to such findings. *See McWherter v. Centurion Products, Inc.*, No. 2016-06-0523, 2017 TN Wrk. Comp. App. Bd. LEXIS 31, at *7 (Tenn. Workers' Comp. App. Bd. May 16, 2017). Moreover, we do not find Employee's various descriptions of the events in question, as recorded in his testimony and the medical records, to be so inconsistent as to warrant reversing the trial court's credibility findings. When considering the standard of proof required at an expedited hearing, we conclude the trial court did not err in determining Employee has shown he is likely to prevail at trial in proving a compensable injury. We therefore affirm the trial court's finding as to that issue, and we affirm the trial court's order for the payment of medical and temporary disability benefits.

*Attorneys' Fees and Costs*

Next, Employer argues the trial court erred in awarding attorneys' fees and costs under the "unique facts and circumstances of this case." At the time relevant to this case, Tennessee Code Annotated section 50-6-226(d)(1) stated, in pertinent part:

> In addition to attorneys' fees provided for in this section, the court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs, including, but not limited to, reasonable and necessary court reporter expenses and expert witness fees, for depositions and trials incurred when the employer:

9

. . . .

(B) Wrongfully denies a claim by timely filing a notice of denial, or fails to timely initiate any of the benefits to which the employee is entitled under this chapter, including medical benefits under § 50-6-204 or temporary or disability benefits under § 50-6-207, if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing or compensation hearing.

Tenn. Code Ann. § 50-6-226(d)(1) (2017).[3]

We have previously addressed the issue of attorneys' fees awarded at an expedited hearing. In *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018), we first noted that the word "wrongfully," as used in the statute above, applies only to the denial of a claim but not to the failure to timely initiate benefits. *Id.* at *26. Second, we noted "the statute does not explicitly state when, in the course of litigation, an award of attorneys' fees and costs can be made." *Id.* at *28. We then concluded "a decision to award attorneys' fees and expenses at an interlocutory stage of a case should be made only in extremely limited circumstances." *Id.* at *29. Nevertheless, we affirmed the trial court's award of attorneys' fees based on the circumstances of that case. Specifically, we noted the employer in that case declined to authorize medical treatment "based solely on its own interpretation of the medical records and without seeking an expert medical opinion to support its denial." *Id.* at *31. This, along with several other factors, led to our conclusion that the case "exemplifies one of the extremely limited set of circumstances where an award of reasonable attorneys' fees and costs is appropriate at an interlocutory stage of the case." *Id.*

Bearing these principles in mind, we turn to the present case. Our analysis of Tennessee Code Annotated section 50-6-226(a)(1)(B), as it pertains to this date of injury, and our decision in *Thompson*, establishes a two-pronged test for considering a request for attorneys' fees and costs prior to trial. First, the trial court must determine whether the employer "wrongfully denie[d]" the claim or "fail[ed] to initiate any of the benefits to which the employee is entitled under this chapter." Second, if the court makes such a finding, it must then consider whether the request for fees falls within the "extremely limited circumstances" that supports such an award at an interlocutory stage of the case and thereby avoid, to the extent possible, piecemeal litigation while the parties are in the midst of developing their proof, formulating their legal theories, and otherwise fashioning their litigation strategies as they move toward trial. With respect to this second prong of the test, we noted in *Thompson* that the court should consider the following:

---

[3] This statute was amended effective April 18, 2018, but the amendment applies to cases in which the date of injury was on or after that date and is therefore not applicable to the present case.

10

the uncertainties inherent in litigation, the limited issues typically addressed at expedited hearings, the fact that discovery and medical proof often are incomplete at an interlocutory stage of a case, the standard of proof that applies at expedited hearings, and the fact that a trial judge's determinations at an interlocutory hearing are subject to change at any time prior to the entry of a final compensation hearing order.

*Id.* at 28-29.

We conclude the trial court in the present case did not correctly analyze Employee's request for attorneys' fees and expenses, as it did not consider whether this case falls within the limited circumstances supporting an award of attorneys' fees and costs at an interlocutory stage of the case. It would be inappropriate for us to consider, in the first instance, whether Employee is entitled to such fees pursuant to the standards discussed above. We therefore vacate that part of the trial court's order and remand the case for the trial court to consider this issue within the framework we established in *Thompson*.[4]

## Conclusion

Based on the foregoing, we affirm that part of the trial court's order determining Employee can pursue benefits under Tennessee law and ordering Employer to pay both medical and temporary disability benefits and to authorize continuing care with Dr. Grace. We vacate the trial court's determination that Employee is entitled to reasonable attorneys' fees and costs at this time pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(B), and we remand the case.

---

[4] The trial judge has not awarded any fees or costs but apparently plans to do so at some point in the future. We express no opinion as to whether a trial court's decision to award fees and costs is ripe for appellate review when the amount of such fees and costs has not been determined and, therefore, the parties are not yet obligated to pay or entitled to receive any fees or costs.

11



| | | |
|---|---|---|
| Fred Travis, III | ) | Docket No.  2018-03-0237 |
| | ) | |
| v. | ) | State File No. 14934-2018 |
| | ) | |
| Carter Express, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

---

**Concurring Opinion – Filed December 21, 2018**

---

David F. Hensley, J., concurring.

I agree with the analysis of the issues in the lead opinion.  I write separately to address the apparent conflict in the analysis of the attorneys' fee issue with my opinion concurring in part and dissenting in part in *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018).  In that case, it was my position that the Court of Workers' Compensation Claims did not have the authority to award attorneys' fees and costs at an expedited hearing.  Here, the lead opinion assumes the Court of Workers' Compensation Claims has the authority to award attorneys' fees and costs in appropriate cases at an expedited hearing.  I now agree with that position.

In my separate opinion in *Thompson*, I acknowledged that Tennessee Code Annotated section 50-6-226(d)(1)(B) (2017) authorizes judges to award attorneys' fees and costs based on a finding at an expedited hearing that an employer wrongfully denied a claim or failed to timely initiate any of the benefits to which an employee was entitled, as provided in the statute.  However, I maintained that, although judges may properly make such findings at expedited hearings, any award of fees or costs must await a final hearing on the merits of the case.  My position was based on the statutory limits placed upon hearings of disputes on an expedited basis as provided in Tennessee Code Annotated section 50-6-239(d)(1) (2017), which limits the disputed issues that judges are authorized to address to issues "concerning the provision of temporary disability or medical benefits."  As I expressed in *Thompson*, awarding attorneys' fees prior to trial was such a departure from the pre-2013 Reform Act statutes addressing attorneys' fees as

1

to require a clearly expressed legislative intent to do so. As noted by the majority opinion in *Thompson*, the legislative history of section 50-6-226(d)(1)(B) is entirely silent as to the proper timing of an award of attorneys' fees. Indeed, the statute's silence in this regard was initially acknowledged by the Appeals Board in *Andrews v. Yates Services, LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35 (Tenn. Workers' Comp. App. Bd. May 23, 2017), wherein we concluded that the statute "does not address when during the litigation process an award of attorney's fees and expenses should be made." *Id.* at *6. As stated in *Andrews*, "[w]e find no authority, and none has been suggested to us, requiring that determinations regarding attorney's fees and expenses be made at an interlocutory stage of the case." *Id.* at *7.

As originally enacted in the Workers' Compensation Reform Act of 2013, section 50-6-226(d) authorized the Court of Workers' Compensation Claims to award attorneys' fees and costs when an employer failed to furnish medical benefits to an employee "provided for in a settlement or judgment." Acts 2013, ch. 289, § 64. In the 2016 legislative session, section 50-6-226(d) was amended to expand the authority of the Court of Workers' Compensation Claims to award attorneys' fees and costs when the employer "[w]rongfully denies a claim by filing a timely notice of denial, or fails to timely initiate any of the benefits to which an employee is entitled." Acts 2016, ch. 1056, § 2. This amendment was in effect at the time of the employees' injuries in *Thompson* and *Andrews*.

Subsequent to the January 2018 decision in *Thompson* in which the majority concluded an award of attorneys' fees may be appropriate at the interlocutory stage of litigation, the legislature further amended section 50-6-226(d), this time modifying the provision added in 2016 that authorized the Court of Workers' Compensation Claims to award attorneys' fees and costs where an employer wrongfully denied a claim or failed to initiate benefits. Acts 2018, ch. 757, § 2 (effective April 18, 2018). The 2018 amendment modified subsection 50-6-226(d)(1)(B) to allow an award of attorneys' fees and costs when the employer "[w]rongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee . . . is entitled." The amendment defined "wrongfully" to mean "erroneous, incorrect, or otherwise inconsistent with the law or facts," but did not address the timing of an award of attorneys' fees. The legislature's consideration of the attorneys' fee issue in the 2018 session, expressly modifying section 226(d)(1)(B), while not addressing the timing of an award of such fees, leads to my conclusion that *Thompson's* earlier conclusion that an award of attorneys' fees may be appropriate at the interlocutory stage of a case was consistent with legislative intent.

The Tennessee Supreme Court has stated that the most fundamental rule of statutory construction is that the court should ascertain and effectuate the intention of the legislature. *Rodriguez v. State*, 437 S.W.3d 450, 453 (Tenn. 2014). Although jurists have advanced well-reasoned criticisms of courts' reliance on legislative history, and

while it may be presumptuous to assume Tennessee legislators were aware of the *Thompson* decision while considering amendments to section 50-6-226(d) during the 2018 legislative session, I view the absence of any modification of the timing of an award of attorneys' fees in the 2018 amendment to section 50-6-226(d)(1)(B) as evincing, at least tacitly, an intent not to alter *Thompson's* conclusion that an award of attorneys' fees at the interlocutory stage of workers' compensation litigation may be appropriate. *See* Antonin Scalia, Scalia Speaks: Reflections on Law, Faith, and Life Well Lived, 234-42 (Christopher J. Scalia, et al. eds., 2017).



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Fred Travis, III | ) Docket No. 2018-03-0237 |
| | ) |
| v. | ) State File No. 14934-2018 |
| | ) |
| Carter Express, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of December, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Brad C. Burnette | | | | | X | bradburnette@foxandfarleylaw.com |
| J. Allen Brown | | | | | X | allen@jallenbrownpllc.com |
| Pamela B. Johnson, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov